### N. P. Johnson v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Railroads: NEGLIGENCE: EVIDENCE. In an action to recover the value of a team killed by defendant's train, where the sole question for the jury was whether the engineer saw the team in time to avoid the accident, and there is evidence to support an affirmative finding, the verdict will be conclusive on the question of defendant's negligence. Evidence considered and held sufficient to support the verdict.

*Appeal from Woodbury District Court.*—Hon. F. R. Gaynor, Judge.

Tuesday, February 2, 1904.

Suit to recover the value of two horses killed by one of the defendant's trains. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Shull & Farnsworth* for appellant.

*F. B. Robinson* for appellee.

Sherwin, J.—At the time of the accident the plaintiff lived at Tripp, S. D., and it occurred near that place. His

team, hitched to a buggy, escaped from his control about ten o'clock in the night, ran away, left the wagon road, and went upon the defendant's right of way, and upon its track, where it became entangled in the harness, and was struck by one of the defendant's trains. It is conceded that the defendant was not bound to be on the lookout for the team at the point where it was struck, and that its only duty was to exercise reasonable diligence and care to stop the train after the team was in fact seen by the trainmen. The sole question, then, for the jury to determine, was whether the engineer did in fact see the team in time to have avoided the accident by the exercise of the required care.

There was a full moon on the night in question. The plaintiff testified that "the night was a moonlight night," and that "the sky was clear," and that he could see over a half mile and distinguish buildings and telephone posts. The defendant's witnesses testified that it was not as light as claimed by the plaintiff, but their testimony tended also to show that it was a clear night. The engineer of the train testified that his eyesight was good, that he could see as far as the ordinary man on the night in question, and that he was constantly looking ahead of his engine, and did not see the horses until the engine was within four or six rods of them, and that he then stopped his train as soon as possible. If the jury had found the statement of this witness as to the time when he discovered the horses true, it is doubtful whether the verdict could be sustained, because it fairly appears that the train could not then have been stopped in time to prevent the accident, but the jury did not so find. On the contrary, it found that the engineer first discovered the horses when the engine was six hundred feet from them, and, if such was the fact, there is no question but that the train could have been stopped. It is argued that this finding was wrong, because of the positive testimony of the engineer to the contrary. If it had been daylight, the team could have been seen by the engineer at least fifteen hundred feet from the point where they were struck, for the evidence shows that

the horses were both standing, and that there was nothing to obstruct the view that distance. If the jury believed the plaintiff's testimony as to the lightness of the night, and if the engineer was constantly on the lookout, as he testified that he was, it cannot be said that there is no evidence supporting the finding that he saw the team six hundred feet away. The jury is to determine the credibility of witnesses and the weight that shall be given their testimony, as well as the weight that shall be given to the facts and circumstances appearing in the case, and the testimony of witnesses may be as effectually discredited by facts and circumstances as by the positive testimony of other witnesses; hence we should not say, as a matter of law, that the verdict in this case was wrong. We do think it a close case, and, were we trying it on the facts, we would hesitate before reaching the same conclusion that the jury did. But as it is, we cannot disturb the verdict.

The judgment is AFFIRMED.