WILLIAM FARRELL, Administrator, v. CHICAGO, ROCK Island & PACIFIC RAILWAY COMPANY, Appellants.

Railroads; ACCIDENT AT CROSSING: DISCOVERY OF DANGER: EVIDENCE. In an action for the death of a child killed by a train while caught in a cattle guard, the question of whether the engineer saw her peril in time to stop the train was for the jury to determine, and an affirmative finding which has support in the evidence will not be disturbed, although the engineer testified that the danger was not discovered in time to avoid the accident.

Instruction: PRESUMPTION. In an action for the death of a child, while there may be no presumption of law that if the father had the means he would give her a common school education, yet an instruction to that effect was a statement of fact so universally recognized that it could not have prejudiced defendant

Expectancy of Life: EVIDENCE. The expectancy of life fixed by the Carlisle tables is not conclusive.

Verdict: NOT EXCESSIVE. A verdict of $3000 for the death of a child eight years of age was not excessive.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, MAY 5, 1904.

SUIT by the plaintiff, as administrator of the estate of Almeda Farrell, to recover for her death. There was a verdict and judgment for the plaintiff. The defendant appeals. —*Affirmed.*

*Carroll Wright, John I. Dille* and *Saunders & Stuart* for appellant.

*S. B. Wadsworth* and *John P. Organ* for appellee.

SHERWIN, J.—The plaintiff's intestate was a girl eight years and one month old at the time of her death. She and

other girls of about her age were picking flowers upon the defendant's right of way, and were trespassers thereon. In crossing a cattle guard, one of her feet was caught between the rail and the timbers of the guard, and, before it could be released by herself and a playmate who was assisting her in her efforts, she was run over and killed by the defendant's train. The cattle guard where she was killed was located a short distance south of the appellant's station at Underwood. The course of the track through the town, and for some distance south thereof, is from the northeast to the southwest. It is straight, and has a gradually descending grade for about one hundred and sixty rods southwest of the cattle guard in question.. The accident occurred in the afternoon of a bright May day, and there is no claim made that there was anything to obstruct the view of the engineer of the train after the train reached the straight track, south of the point where the girl was killed. Her foot was caught before the train came into view, over half a mile away, and, during the entire time of its approach, she and her little friend were making every effort to release her from her perilous position. In addition to their efforts, which could be plainly seen from the engine, the other girls ran some distance south along the track, and tried to stop the train by waving their hands and by shouting. There was evidence tending also to prove that the danger whistle was sounded soon after the train reached the straight track, and that it was continued until the train was within a short distance of the deceased. The court instructed the jury that the appellant owed the deceased no duty until her peril was known, and that the plaintiff could not recover unless he had established the fact that its engineer observed her danger and peril in time to have stopped the train. The engineer testified that he did not discover the peril of the deceased until his engine was within three hundred feet of her, and it was conclusively shown that his train could not have been stopped in that distance. The jury found, however, in answer to a special question, that her peril was discovered and

<div style="margin-left:2em">
1. ACCIDENT at crossing; discovery of danger; evidence.
</div>

known to those in charge of the engine when it was one thousand two hundred feet away; and, if this finding is sustained, it is clear that the train could have been stopped, and the accident avoided. It is contended that the testimony of the engineer was conclusive on this point, and that the verdict should not stand. But to this contention we cannot give our assent. A careful consideration of the facts and circumstances shown by the record leads us to the conclusion that we should not interfere with the special finding or with the general verdict. It was for the jury to say whether the engineer discovered the peril of the deceased at the distance stated, and concluded that she might be extricated therefrom before the train reached her, or whether he did not discover or know her peril or the danger she was in until it was too late to stop his train. The facts and circumstances tended strongly to support the conclusion reached by the jury, while the testimony of the engineer was directly opposed thereto. The jury was not bound to treat the proven facts and circumstances as conclusive, nor was it bound to so consider the testimony of the engineer. *Johnson v. Chicago, M. & St. P. Ry. Co.,* 122 Iowa, 556; *Purcell v. C. & N. W. Ry. Co.,* 117 Iowa, 667.

Complaint is made of the rulings on the admission of testimony, but we find no serious error, and none that could have prejudiced the appellant's substantial rights. The first 2. INSTRUCTIONS: presumption: and second objections to the eleventh instruction given by the court appear hypercritical, rather than otherwise. In the same instruction the jury was told that "there is some slight presumption that, if her father had the means to educate her, that he would give her at least an ordinary common school education; but this presumption is slight, and by no means conclusive." It may be that no presumption of law can be indulged on this subject, but, if not, and if it be treated as a presumption of fact alone, it is a fact so universally recognized and understood that the statement thereof in the instruction could not have been prejudicial to the defendant. The seventh criticism of the same

instruction is without merit. The age and sex of the de-ceased were known to the jury, and she was shown to have been a bright and intelligent child, attending school at the time of her death.

The court instructed that the expectancy of life fixed
3  EXPECTANCY  by the Carlisle tables was not conclusive, and
   of life: evi-
   dence.  such is the rule. *Trott v. C., R. I. & P. Ry. Co.*, 115 Iowa, 80.

The jury returned a verdict for $3,500, which the trial court reduced to $3,000, and this amount the appellant contends is excessive. We do not think that we should further
4. VERDICT:  reduce the amount. In *Hively v. Webster
   not excessive.  County*, 117 Iowa, 672, we reviewed the cases treating the measure of recovery in similar causes, and held that the recovery of $3,000 by the estate of a boy four years old when killed was not excessive. In *Eginoire v. Union County*, 112 Iowa, 558, we held that $2,500 was not an excessive recovery for the estate of a girl eight years old. Nor are we disposed to say that the amount recovered here is excessive. It is perhaps near the limit, and, if we were to apply the strict rules of mathematical calculation to an arbitrary standard, it might appear too large, but this the law does not require us to do.

The judgment is therefore AFFIRMED.