OMAHA STREET RAILWAY COMPANY V. NELS MATHIESEN.

FILED MAY 17, 1905. No. 13,799.

1. **Negligence:** QUESTION FOR JURY. If the driver of a vehicle who arrives at a street intersection and who sees an approaching car is justified in believing that there will be sufficient time for him to cross the track before the car, if run at its usual and ordinary rate of speed, will reach the point of crossing, he cannot be said as a matter of law to be guilty of negligence in attempting to cross, and the question is a question of fact for the jury to be determined from all the evidence before it.

2. **Evidence:** REVIEW. The exclusion of testimony to show that the car might have been seen at a greater distance is not erroneous,

since the question was not whether the plaintiff might not have seen the car at a greater distance, but whether he was guilty of negligence in attempting to cross with the car at the distance it actually was when he saw it.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*John L. Webster* and *W. J. Connell,* for plaintiff in error.

*Weaver & Giller* and *Frank T. Ransom, contra.*

LETTON, C.

The facts in this case are set forth in the opinion by Mr. Commissioner AMES in *Mathiesen v. Omaha Street Railway Co.,* 3 Neb. (Unof.) 743. At that time the judgment of the district court at a former trial was affirmed. Upon a rehearing (3 Neb. (Unof.) 747) the judgment was reversed and a new trial ordered. At the new trial a verdict and judgment were rendered against the defendant, from which it prosecutes error.

At the former hearing before this court its attention was directed to the question whether or not the evidence on the part of the plaintiff was sufficient to warrant the court in giving a peremptory instruction for the defendant at the close of the plaintiff's case, and it was held error to so direct. At the last trial evidence was introduced by the defendant as to the speed of the car, which was not produced at the former trial, and it is now contended that, taking all the evidence together, it is not shown that the defendant was guilty of actionable negligence. There is a conflict in the evidence with reference to the rate of speed at which the car was running. It was held upon the rehearing that there was sufficient evidence given by the plaintiff himself at the former trial to render it necessary to submit the question as to whether or not the defendant was operating its car at a negligent rate of speed to the jury, and the fact that the defendant has produced addi-

tional evidence upon its side of the controversy, while the plaintiff's testimony is substantially the same as on the former trial, does not change the effect of this adjudication. This is the law of the case and will not be reexamined.

The principal ground upon which the defendant now seeks to reverse the judgment of the district court is that the evidence shows that the plaintiff was guilty of contributory negligence. It appears that Leavenworth street from 21st street to 20th street has a down grade of three per cent. It seems that it is 17 feet from the south curb of Leavenworth street at 20th street to the south rail of the street railway track; that the plaintiff was driving north upon 20th street at a rate of between three and four miles an hour. He testifies that he looked east and saw no car, then looked west and saw the headlight of a car opposite where he knew certain flats to be, a distance of about 200 feet; that he immediately whipped up his horses in order to get across the track, but that the car struck the wheel of his wagon before he cleared the track. The question, then, is presented whether or not he was guilty of contributory negligence in attempting to drive across the tracks at a time when his horses' feet were at the track, and when he saw a street car at a distance apparently of from 150 to 200 feet. He testifies that his wagon and horses were 18 feet 4 inches long, consequently, in order to clear the track, he would have been compelled to move forward more than that distance. The ordinances of the city of Omaha prohibit the street car company from operating its cars at a speed greater than 15 miles an hour, and the testimony on the part of the defendant is that the usual running speed is from 8 to 10 miles an hour, and that this was the speed of this car. If the street car had been distant 150 feet at the time Mathiesen first saw the car and his horses reached the railway track, his team, traveling at the rate of 3 miles an hour, would have moved forward 45 feet while the street car was traversing the 150 feet at the rate of 10 miles an hour; while, if the car was moving at the rate of 8 miles an hour, he would

have moved a distance of 56 feet while the car was traversing this distance. Even if the car had been running at the highest rate of speed permitted under the ordinance, and he had not urged his team forward with increased speed, he would have moved forward 30 feet while the car was traveling 150, and been safely across the tracks. Mathiesen was familiar with the running of street cars in the city of Omaha. He is corroborated to some extent as to the distance of the car by the evidence of the motorman. Mathiesen says that as his ponies were stepping onto the track he heard the bell of the car, and the motorman testifies that he struck the gong when he was just east of the alley in the middle of the block, so that, according to the motorman's testimony, the car ran from just east of the alley in the middle of the block to the point east of the curb on the west side of 20th street, a distance of about 150 feet, before Mathiesen traveled 21 feet. A computation will show that if Mathiesen was driving at the rate of 3 or 4 miles an hour the car must have been traveling at the rate of over 20 miles an hour in order to traverse this distance in that space of time, and, since the motorman tried to stop the car as soon as he saw the team, and did stop it within six or eight feet after it struck the wagon, these facts would warrant the jury in believing that it must have been traveling at a much greater rate before its speed was checked in the endeavor to avoid the collision. From these considerations, we are convinced that it would invade the province of the jury for a court to say that a man of ordinary prudence, traveling at the rate Mathiesen was at the time he saw the car, would not have been justified in attempting to cross the street railway track in front of the approaching car with the car at the distance that it was when he saw it, and that the matter was properly left to the jury to determine. We have already said in this case that issues of primary and contributory negligence are, ordinarily, questions of fact for the jury, and we find nothing in the evidence in this case to take it out of the ordinary class. The facts in this

case are not unlike those in *Omaha Street R. Co. v. Cameron*, 43 Neb. 297, and the principles of law therein enunciated apply.

This court has refused to adopt the rule that persons traveling upon a public highway along or across a street railway are held to the exercise of the same degree of care as when traveling across an ordinary steam railroad. The streets of a city are made for public travel, as well that portion of the public which travels with ordinary vehicles as for that portion which travels in the cars of a street railway company. The driver of an ordinary vehicle has the same right to use the street as the street railway company, but he cannot shut his eyes to the dangers incident to the ordinary and reasonable operation of the cars of such company. If the driver of a vehicle who arrives at a street intersection and who sees an approaching car is justified in believing that there will be sufficient time for him to cross the track before the car, if run at its usual and ordinary rate of speed, will reach the point of crossing, he cannot be said as a matter of law to be guilty of negligence in attempting to cross, and the question is a question of fact for the jury, to be determined from all the evidence before it. What an ordinarily prudent and cautious person would do under like circumstances is peculiarly a question for the jury. *Metropolitan Street R. Co. v. Slayman*, 64 Kan. 722, 68 Pac. 628.

Plaintiff in error further complains of the exclusion of certain evidence offered for the purpose of showing that the plaintiff could have seen an approaching car before he reached Leavenworth street from the south, and that a certain church building which stood on the south side of the street did not interfere with his view to such an extent as to prevent him from seeing the car at a greater distance than that at which he swears he saw it. Ordinarily, where it is a material question whether certain objects can be seen from certain points under certain conditions, it is entirely proper and competent to prove by witnesses who have gone to the spot for the purpose of making ob-

servations with reference to the disputed fact to testify as to what may be seen in that locality, providing that all the surrounding conditions and circumstances are substantially the same as when the event to be investigated occurred; but in this case we doubt whether this testimony was material. The question was not whether the plaintiff might not have seen the car at a greater distance, but whether he was guilty of negligence in attempting to cross the tracks. with the car at the distance at which it actually was. Besides, the error, if any, was cured, because the jury were permitted to inspect the locality, and in all probability they were fully as competent to observe any obstructions to the view as the witnesses whose testimony was offered. We think the defendant suffered no prejudice by the exclusion of this testimony.

Complaint is made of the instructions given and refused, but they seem to be as favorable to the defendant as it was entitled to, and the issues were fairly submitted to the jury thereby.

It is further urged that the damages are excessive, but from an examination of the evidence we think this assignment is not well taken.

We recommend that the judgment of the district court be affirmed.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.