JOSEPH W. ADAMS v. UNION ELECTRIC Co., Appellant.

**Negligence:** COLLISION OF VEHICLE WITH STREET CAR: EVIDENCE.  The driver of a vehicle is only required to exercise ordinary prudence to avoid collision in crossing a street car track, and if he observes an approaching car at such a distance that in the exercise of ordinary care he believes he can cross safely, but in attempting to do so a collision occurs, he is not to be charged with negligence as a matter of law.  Under the evidence in the instant case the question of plaintiff's negligence was properly submitted to the jury.

*Appeal    from    Dubuque    District    Court.*— HON.  M.  C. MATHEWS, Judge.

THURSDAY, MAY 14, 1908.

ACTION for damages resulting in judgment against defendant, from which it appeals.—*Affirmed.*

*Hurd, Lenehan & Kiesel* and *Matthews & Frantzen,* for appellant.

*T. J. Fitzpatrick* and *Longueville & Kintzinger,* for appellee.

LADD, C. J.— The plaintiff in coming south on Jackson street in Dubuque undertook to drive his horse and buggy across the defendant's street car line extending east and west in East Point avenue, and was struck by a car coming from the east. Appellant insists that he should not have been allowed damages for that, as it is contended, he contributed to his injury by his own negligence. The refusal to direct a verdict for defendant on this ground is the only error assigned. In determining this question the evidence most favorable to plaintiff must be accepted. According to the evidence in his behalf he had taken his father to his home on Jackson street about one hundred and seventy feet north of the street intersection, and when, upon returning, he reached the north side of the avenue he noticed a car coming from the east beyond the next street and about three hundred feet away. He then looked up the avenue in the opposite direction, and upon turning his head back noticed the car " coming along at a terrible speed," but twenty or thirty feet distant. The fore part of the buggy was then on the track, and in going across the collision occurred. According to the testimony in behalf of plaintiff his horse trotted until reaching the avenue, and then walked, and the car was moving at a speed of twenty-five or thirty miles an hour. On the contrary, defendant's evidence tended to prove that the horse was trotting at four and one-half to six miles an hour until the track was reached, and that the car was moving at from six to eight miles an hour and was slowed down to about four miles an hour at the time of the collision. There was a dispute in the evidence as to whether the gong sounded, and the distance from where plaintiff, when

he saw the car, to the center of the track is estimated by appellant to be about twenty-two feet and by appellee at twenty-eight feet.

The night was dark, and the jury might have found that the velocity of the car was twenty-five or thirty miles an hour.  The jury also might have found that, while plaintiff knew it was coming, he was not aware of its excessive speed, and, if so, in the exercise of ordinary care, might have assumed that it was approaching at a reasonable rate of speed.  Upon observing a car in the distance the driver of a vehicle can neither recklessly drive upon the crossing in a race with the car, nor is he arbitrarily required to stop his vehicle and await for its passage.  The right of each to the use of the highway is protected, and neither is permitted recklessly to expose the other to danger.  If the driver observes a car on the line at such distance that in the exercise of ordinary prudence he believes he can safely cross, and in undertaking to do so a collision occurs, this cannot be attributed to negligence on his part.  *Patterson v. Townsend,* 91 Iowa, 725; *Ward v. Marshalltown L. P. & R. Co.,* 132 Iowa, 579.  As observed in *Chauvin v. Detroit United Ry. Co.,* 135 Mich. 85 (97 N. W. 160), if one were always chargeable with negligence for driving upon a track when an approaching car is in sight, there are many places which could never be crossed without fault.  Pedestrians or drivers of teams have as much right to the street as the street car company, and are not required to desist from traveling over any part of it because of the running of cars thereon.  All exacted is that reasonable prudence with reference to their operation be exercised by them to avoid injury, and when in so doing it can be said that they reasonably believe a crossing can be made in safety they may go over without laying themselves open to the charge of negligence.  *Omaha St. Ry. Co. v. Mathiesen,* 73 Neb. 820 (103 N. W. 666); *Richmond Traction Co. v. Clarke,* 101 Va. 382 (43 S. E. 618); *San Antonio Traction Co. v. Upson,* 31 Tex. Civ.

App. 50 (71 S. W. 565); *Chicago City R. Co. v. Sandusky,* 198 Ill. 400 (64 N. E. 990); *United R. & E. Co. v. Watkins,* 102 Md. 264 (62 Atl. 234); *Indianapolis Street R. Co. v. O'Donnell,* 35 Ind. App. 312 (73 N. E. 163); *Callahan v. Philadelphia Traction Co.,* 184 Pa. 425 (39 Atl. 222); *Lawler v. Hartford Street R. Co.,* 72 Conn. 74 (43 Atl. 547). These decisions illustrate the application of the rule as stated in different situations.

Appellant has cited a number of cases discussing the duty of looking and listening before attempting to cross a street car line. The point is not involved here, for plaintiff did look, and was aware of the approach of the car, though not of its excessive speed. In looking up the road to the east he saw the car; but, observing a reasonable precaution for his safety in looking the other way, upon turning his head back, the car had moved so rapidly that it was but twenty or thirty feet away. With the front wheel of his vehicle then on the track what was he to do, back up or go ahead? In view of the emergency in which he was placed, it cannot be said as a matter of law that prudent men would have done one way rather than the other, and therefore it was for the jury to say whether in what he then did there was any want of ordinary care. So, too, when he first observed the car, had he, as an ordinarily prudent man, the right to think he could cross the track driving on a walk before it reached him? It does not require a very nice calculation to show that with his horse walking at an ordinary gait, and the car moving at a speed such as the jury might have found reasonable, though up to the limit short of excessive, the plaintiff might have passed in safety; and this being so, the issue as to whether in undertaking to cross as he did plaintiff was guilty of contributory negligence was rightly left to the jury.— *Affirmed.*