CHARLES CHRISTIANSEN v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

**Railroads:** SHIPPERS: PERSONAL INJURY: NEGLIGENCE. One accompanying a shipment of stock under a contract requiring him to care for the same while in transit may rightfully pass along the track while the train is standing in a station yard for the purpose of inspecting his stock, and is not a trespasser or mere licensee while so doing, but it is his duty to exercise such care for his own safety as an ordinarily prudent person would exercise under like circumstances.

**Same:** NEGLIGENCE. Where a shipper required by his contract to care for his stock while in transit, when starting to pass along the side of the train while standing at a station to inspect the same, looked and saw no approaching engine on a passing track, it cannot be said as a matter of law that he was negligent in not looking again while walking about two car lengths, especially as there was evidence that the engine which struck him was running twenty-five or thirty miles an hour without giving the proper danger signals.

**Same:** CONTRIBUTORY NEGLIGENCE. The question of contributory negligence when one is properly upon or dangerously near a railroad track is determined largely by the circumstances of each case, and where plaintiff was rightfully walking near a passing track while his train was standing at a station, that he might better locate the cars containing his stock and ascertain their condition, he was not conclusively negligent in so doing instead of keeping near the standing train in a less dangerous position.

**Same:** DISCOVERY OF PLAINTIFF'S PERIL: EVIDENCE. Where one upon or dangerously near a railway track was in plain view of trainmen operating an approaching engine, and they were in position

to see anything that. might be in front of them, the fact that there was no direct evidence that the trainmen actually saw plaintiff in time to have given him warning and thus avoided the accident was not conclusive that they did not see his peril, but that question was properly submitted to the jury.

**Same:** DUTY OF TRAINMEN.    Railway employees are bound to know that a shipper accompanying his stock and required to care for it while in transit is liable to be on or near a passing track while the train is standing at a station, and to keep a lookout for him while switching.

*Appeal from Mitchell District Court.*—HON. C. P. SMITH, Judge.

TUESDAY, NOVEMBER 24, 1908.

ACTION to recover damages for personal injuries alleged to have been received by reason of the negligence of the employes in the operation of a train, and without contributory negligence on the part of the plaintiff.   There was a verdict for the plaintiff, and, from a judgment thereon, the defendant appeals.—*Affirmed.*

*W. S. Kenyon, Thos. D. Healy,* and *J. M. Dickinson,* for appellant.

*Charles E. Salisbury* and *Wm. H. Salisbury,* for appellee.

McCLAIN, J.—The facts which the evidence tended to establish, so far as necessary for the determination of the questions presented on this appeal were as follows: Plaintiff was a passenger in the caboose of a stock train which came into the town of Osage from the north, and was thus riding under a contract which required him to feed, water and take care of his stock being transported in cars in the said train.   When the train stopped at Osage, the engine was detached from the south end of the train,

and was run along a passing track to the west of the main track on which the train stood to the north end of the train, where it was coupled to the caboose in which plaintiff remained, and this caboose and some of the other cars were pulled to the north for the purpose of incorporating into the train several other cars of stock. After the switching was completed, and the train was made up, and after the engine had been used in handling some other cars in the stockyards to the north, the plaintiff dismounted from the caboose at its south end, and went along southward between the train and the passing track, and near the east rail of the passing track, for the purpose of looking at his stock in the cars. He was engaged in looking for the numbers on the freight cars in the endeavor to locate the cars containing his stock, and had passed southward less than two car lengths when he was struck by the engine coming south along the passing track. Plaintiff testifies that, when he dismounted from the caboose, he looked northward and saw the engine apparently standing still on the main track, and did not look again for the approach of the engine. The allegations of negligence on which the case was submitted to the jury were that defendant's employes in charge of the engine were running it at a high rate of speed without continuously ringing the bell, and without keeping a proper lookout to discover persons in danger of being struck by the engine, and that they were also negligent in failing to sound the whistle after discovering plaintiff in a position of danger. No complaint is made for appellant that the jury was erroneously instructed as to these allegations of negligence, save in one respect to be hereafter noticed, nor that there is not sufficient evidence to support the finding by the jury as to the grounds of negligence on which the case was submitted; but it is earnestly contended that there was such proof of contributory negligence as to defeat recovery by plaintiff as a matter of law.

Plaintiff had a right to pass along the track while the train was standing in the station yard for the purpose of inspecting his stock. While doing so he was not a trespasser nor a mere licensee; but he was a person rightfully in the defendant's yards and near its tracks in a place where he might be in danger by reason of the movement of trains and cars along such tracks. In view of the danger incident to being in the yard and near the tracks, it was his duty to exercise such reasonable care and precaution as an ordinarily prudent person would exercise under such circumstances for his own safety. This duty involved the necessity of looking out for engines and cars moving along the tracks. He did, in fact, look to the northward and see the engine which afterward by moving along the passing track caused him the injury of which he complains.

1. RAILROADS: shippers: personal injury: negligence.

The real question is this: Was he as a matter of law negligent in not looking again within the short time occupied by him in walking southward for less than two car lengths when he might by thus looking have seen the approaching engine and avoided the injury? We think that when it is conceded that the jury may have found that the engine was run at a speed of twenty-five or thirty miles an hour along the track at the place where the plaintiff or others similarly situated might rightfully be, and without proper signal by the continuous ringing of the bell being given, the jury might also properly find that plaintiff was not negligent in failing to look again within so short a period of time. One who is on or near a railroad track for a proper purpose can not be required as a matter of law to be constantly looking; that is, to be looking at every instant of time for the approach of engines and cars. Having advised himself by proper observation of his surroundings and the sources of probable danger, he may proceed with the reasonable belief that the railroad employees will perform

2. SAME: negligence.

their duty as to his safety. Of course, there are duties of care resting upon him as well as upon the employes, but we can not say as a matter of law just how often he should look for an approaching danger. When he did look, no danger was imminent, and if, after the observation which he did make, he proceeded in a method which would have been safe had the engine been properly operated, he can not be said to have been conclusively negligent. *Camp v. Chicago G. W. R. Co.,* 124 Iowa, 238; *Christopherson v. Chicago, M. & St. P. R. Co.,* 135 Iowa, 409; *Ward v. Marshalltown, L. P. & R. Co.,* 132 Iowa, 578; *Adam v. Union El. Co.,* 138 Iowa, 487.

It is said that plaintiff was negligent in being so near the passing track that he was in danger from the engine operated on that track when he might by going nearer to the standing train have been out of the field of danger, but he testified that he went near the passing track for the purpose of better seeing the numbers on the cars which were placed near the top, and we do not think he was conclusively negligent in doing so. The cases relied on for appellant are those in which one going along or near railway tracks might as conveniently proceed in a course of safety as in a course involving danger, but if plaintiff, in the proper endeavor to find the cars in which his stock was contained went upon or dangerously near to the passing track, his act was not necessarily and conclusively improper. The question of contributory negligence when one is properly upon or in dangerous proximity to railroad tracks must be determined largely by the circumstances of each case. Many of the authorities cited for appellant relate to the entire failure of one in a place of danger to take any precautions for his own safety, which, as already indicated, does not appear in the case before us.

3. SAME: contributory negligence.

In one instruction the jury was told that if defendant's employes saw plaintiff in front of the engine and in

imminent danger of being struck by it, then it was their

4. SAME: discovery of plaintiff's peril: evidence.

duty to exercise ordinary care and diligence according to the circumstances to avoid injury to the plaintiff, and that it was for the jury to say whether under such circumstances injury to plaintiff would have been avoided had the employees exercised ordinary care and diligence to sound the whistle. It is contended for appellant that there was no evidence tending to show that the employees of defendant did see or become aware of the danger to plaintiff in time to have avoided it by the sounding of the whistle, and that, therefore, it was not proper to instruct the jury as to the duty of defendant's employees to take precautions to warn plaintiff of his danger. But the fact that no witness testifies that any employee of defendant did actually see plaintiff in a position of danger is not conclusive. In view of the evidence showing plaintiff to have been in plain sight of the engineer and other employees on the engine, and that such employees were in position to see what was in front of the engine as it was run along the passing track, it was for the jury to say whether, in fact, they did see plaintiff was in dangerous proximity to the track in time to have given him warning. *Purcell v. Chicago & N. W. R. Co.,* 117 Iowa, 667; *Johnson v. Chicago, M. & St. P. R. Co.,* 122 Iowa, 556; *Farrell v. Chicago, R. I. & P. R. Co.,* 123 Iowa, 690; *Barry v. Burlington, R. & L. Co.,* 119 Iowa, 62.

The record does not show that there was any statute or ordinance limiting the rate of speed of trains at the point where plaintiff was injured, but the speed of the

5. SAME: duty of trainmen.

train was not submitted to the jury as one of the elements of defendant's alleged negligence, nor was negligent speed of the train submitted as having any bearing on the question of plaintiff's contributory negligence. We can not say as a matter of law that plaintiff's failure to look a second time for an approaching

engine after having once looked and seen the engine stand-
ing still on the main track some distance 'north of the
caboose was conclusively negligence on his part under the
circumstances.  As already indicated, he was not bound
at his peril to be looking northward for the approaching
engine at every instant of time, nor to anticipate that the
engine would be run southward on the passing track at
the highest possible rate of speed at which it could law-
fully be run.   The question for the jury was what should
a reasonably prudent person have done under the circum-
stances to avoid danger.  It is to be borne in mind that
this is not a case where there was no duty on the part of
defendant's employees to be on the lookout for persons on
the track or in dangerous proximity to it.   They were
bound to know that at this place persons might rightfully
be on or near the track and to keep a lookout for them.
*Thomas v. Chicago, M. & St. P. Ry. Co.*, 103 Iowa, 649.

    Finding no error in the record, the judgment is
*affirmed*.