JOHN T. WATSON, Appellee, v. BOONE ELECTRIC COMPANY, Appellant.

**Street railways:** NEGLIGENCE: EVIDENCE. In this action against a street railway company for negligence on the ground of excessive speed and lack of control of one of its cars, the evidence is held to support a finding that the car was allowed to coast down a sharp grade through the darkness at a high rate of speed and along a public street, and was not under such control that it could be stopped with reasonable quickness upon discovery of the peril of plaintiff, and that this issue of negligence was for the jury.

Same:  CONTRIBUTORY NEGLIGENCE.  One driving upon a public street is bound to exercise such care in crossing the tracks of a street railway as a person of ordinary prudence would exercise under like circumstances; he is not required as a matter of law to stop, look and listen for an approaching car.  Under the evidence in the instant case the issue of contributory negligence was for the jury.

Same:  NEGLIGENCE:  EVIDENCE.  The mere fact that a street car was moving at a high rate of speed is not of itself negligence as a matter of law, but under the circumstance of a particular case may become such in fact, when moving along a town or city street used in common by the general public: and while it is the duty of a traveler to be watchful for his own safety and to yield the right of way at a crossing to a passing car, it is also the duty of the mortorman of the car to be watchful to avoid injuring persons in the lawful use of the street.  Evidence held to justify submission of the question of negligence in the rate of speed at which the car in question was being operated.

Same:  OPERATION OF CARS:  NEGLIGENCE.  A traveler may rightfully walk or drive upon any part of a public street, and cross the same from side to side at any point; and while the danger of accident is greater at street intersections than at other places there is no such absence of possible danger at any point that the motorman of a street car may relax all diligence, or operate his car at such a rate of speed that he loses proper and reasonable control thereof.  The street car company is charged with the duty of operating its cars at all points along the street with reasonable care and regard for the rights of others using the same highway.

Same:  FAILURE TO PROVIDE HEADLIGHTS.  Where ordinary prudence requires that a street car company provide its cars with headlights, either as a warning to others rightfully upon the street, or as a means of discovering obstacles upon the track, failure to provide such lights is negligence.

Same:  SPEED OF CAR:  EVIDENCE.  One having a knowledge of the movement of street cars may testify to the rate of speed at which a car was moving; and the fact that he was not in a position to accurately judge its speed would affect the weight of his evidence and not its admissibility.

Same:  EVIDENCE:  PLAT:  ADMISSIBILITY.  Where a witness identified a plat of the place of an alleged accident it was admissible in evidence as his version of the affair, although it may have been inaccurate: and the fact that an engineer's plat of the same place was also introduced would not affect its admissibility.

Evidence: HYPOTHETICAL QUESTIONS. A physician who knows nothing of the history of a personal injury, except what he gains from a present examination, may answer a hypothetical statement of the case bearing upon the question of the permanency of the injury; while if he had had charge of the case and knew all of the facts it probably would be otherwise.

Excessive verdict: PASSION AND PREJUDICE. A verdict for $500 for personal injuries, resulting in severe and painful bruises and kidney trouble from which plaintiff had not recovered at the time of the trial, was not excessive, on the ground that it was the result of passion and prejudice.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

SATURDAY, DECEMBER 13, 1913.

ACTION at law for the recovery of damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*John A. Hull* and *Goodykoontz & Mahoney,* for appellant.

*Dyer & Dyer,* for appellee.

WEAVER, C. J.—The defendant operates a street railway in the city of Boone. The plaintiff is a teamster, and at the time in question undertook to drive across the defendant's track, when his wagon was struck by a moving car, and the force of the collision was such that he was thrown from the vehicle, and injured. The defendant is charged with being negligent in the matter as follows: In operating the car at a negligent and excessive rate of speed; in failing to give any warning or signal of the approach of the car; in failing to keep any lookout to avoid danger of collision; in failing to provide any sufficient headlight; and in accelerating the speed of the car without any care to ascertain whether the track was clear. The defendant denies the alleged negligence, and con-

tends that the collision was the result of plaintiff's own failure to exercise reasonable care.

Defendant's track is laid upon Eighth street, extending east and west. Plaintiff drove westward along the north side of the track to a point somewhere from twenty-five to fifty feet east of the intersection between Eighth and Runyon streets, where he turned to the left to cross over to the south side of the street. He had nearly cleared the track when a car moving eastward struck the rear wheel of his wagon, causing the injury complained of. Darkness had just fallen. Whether the street lights were on or were turned on just at the moment of collision is the subject of some uncertainty in the testimony. There is also a dispute upon the question whether the car which collided with the wagon was lighted as it approached the plaintiff; but it is conceded by defendant that the lights went out just before the actual collision took place. The track at this point slopes to the east at the rate of ten feet in two blocks, and the car was coasting in that direction. On the plaintiff's wagon was a platform of dump boards. He was sitting on the side of the wagon facing to the left. He testifies that as he turned to cross the track he looked ahead to the west, and discovered no car approaching, though he knew that one ordinarily passed that way at intervals of twenty minutes. He says he heard no gong or bell, and estimates the speed of the car at fifteen miles per hour. Another witness who was on the car estimates the speed at the same rate, and says the car ran past the point of collision some forty feet before it was stopped. The motorman says plaintiff was about thirty feet east of the car when he turned to cross the track, and claims that he at once made use of all his facilities for stopping the car, but could not do it in time to avoid hitting the wagon. He estimates his speed at the time when plaintiff turned at ten miles an hour, and at the time of the collision at three or four miles per hour. It also appears that the motorman's quick application of the reverse to his

1. STREET RAILWAYS: negligence: evidence.

motor had the effect "to throw the current out," and for the time to "destroy the control of the car." There was evidence tending to show that under normal circumstances, with a "good rail and good car," a stop could be made within thirty to forty feet when going at the rate of twelve miles per hour.

I.   Without further prolonging this statement of the record, we think it cannot be said there was no case for the jury upon the question of defendant's negligence. The testimony would have justified a finding that the car was being allowed to coast down a sharp grade through the darkness at a high rate of speed and along a street which the public had the right to travel, and was not being kept under such control that it might be stopped with reasonable quickness at the discovery of danger, and upon such record a verdict or finding of want of due care would have ample support.

II.   Nor do we think that appellant's earnest contention that plaintiff was guilty of contributory negligence, as a matter of law, can be sustained. Plaintiff was rightfully upon the street, and could rightfully cross the railway 2. SAME: contrib-   track at any time or place within the public utory negli-   gence.   highway. True, he was bound to exercise reasonable care in so doing, and, if he drove upon the track with reckless indifference to injury from a car which he knew or ought to have known was dangerously near, then no action will lie in his favor. But he was not required to do more than the man of average or ordinary prudence may be expected to do under like circumstances. He was not required, as a matter of law, to stop his team, and look, and listen. He was required to make reasonable use of his senses, and if, as he turned upon the track, he looked to the west, and saw no car, or if he saw one, and it was so far away he could reasonably believe he had time to cross in safety before it would reach that point, he was not guilty of negligence, as a matter of law, in so doing. This is a question which depends upon inferences and deductions from

all the numerous circumstances connected with the accident, and its answer comes clearly within the province of the jury. He says he looked, and could see to a distance of at least a block, and, discovering no car, assumed he could cross the track in safety. If this be true, his conclusion was not an unreasonable one. At least a jury might properly so find.

III. It is said that the court erred in permitting the jury to find negligence in the rate of speed at which the car was moving. It is true that courts have often said that the mere fact that a car or train moves at a high rate of speed is not in itself negligence. But it by no means follows that under the circumstances of a particular case excessive speed may not be negligent. Street railways occupy the streets of cities and towns in common with the general public, and, even in the absence of any regulating statute or ordinance, the operators of such cars may not run them at rates which unnecessarily or unreasonably imperil the safety of travelers upon the public way. While it is the duty of the person on the street to be watchful for his own safety, and, when he is likely to meet a car on a crossing, it is his business to yield the right of way, it is no less the duty of the motorman to be watchful to avoid running against or upon persons or vehicles engaged in the lawful use of the streets. In our judgment the instructions given by the trial court are in harmony with this principle, and the assignment of error thereon cannot be sustained.

3. SAME: negligence: evidence.

Counsel seem to think that the act of plaintiff in crossing the track before he reached the street intersection affects in some way his rights in the premises, and that defendant was not bound to anticipate such a movement on his part. This court has never held to such a rule, and we regard it unsound. Subject, of course, to due regard for the rights and safety of others, a traveler may walk or drive upon any part of the highway and cross the same from side to side wherever the same is convenient for his purpose, and while, of course, the greater dan-

4. SAME: operation of cars: negligence.

ger of collision is at the street intersections, where different lines of travel meet and cross, there is no such absence of possible danger at any point in a city street that the motorman may relax all vigilance or move his car at a rate of speed which prevents his proper and reasonable control thereof. Neither the starting of the car, nor an acceleration of its speed, nor the rate of speed, alone and independent of the surrounding circumstances, would amount to negligence; but these operations are to be performed in a public place where others have a right to be and to travel, in cities and towns where the street traffic is heavy, and the railway company, as one of the occupants and users of the highway, is chargeable with the duty of exercising reasonable care to so conduct its business as to avoid unnecessary interference with the use of the same highway by others. *Doran v. Railway Co.*, 117 Iowa, 442; *Christiansen v. Railway Co.*, 140 Iowa, 349; *Barry v. Railway Co.*, 119 Iowa, 63; *Welsh v. Railway Co.*, 148 Iowa, 200; *Stanley v. Railway Co.*, 119 Iowa, 526; *Doherty v. Railway Co.*, 137 Iowa, 358; *Perjue v. Railway Co.*, 131 Iowa, 710.

Criticizing the instructions to the jury, appellant argues that it was not the duty of the company to equip its car with a headlight as a warning to persons on the highway. But the

5. SAME: failure to provide headlights.

court did not instruct that such was the company's duty. It said to the jury that if, under the proved circumstances, it found that ordinary prudence required an equipment with such headlight either as a warning or for the purpose of discovering obstacles upon the track, and if it further found that defendant failed to so provide this car, then such omission was negligence. The proposition is clearly sound, and there was no error in this respect. So in each instance upon the question of reasonable care the jury was directed to consider the circumstances as developed in the case, and, with these in view, to measure the particular act in question by the standard of conduct observed by people of ordinary prudence. The rights of the defendant in this and in other respects were properly guarded by the court's charge.

IV. Some objection is made to rulings upon testimony. For example, the plaintiff, having first said that he did not know the speed at which the car came upon him, was permitted to give his estimate of it at fifteen miles an hour. This does not appear to be erroneous. It is true that he had said that the car came upon him so quickly he could not well judge of its speed, yet it further appeared that he had lived for a long time near the car line, and was accustomed to the movement of cars, and, although his estimate may be a matter of little weight under the circumstances, we think it not inadmissible. Moreover, the same testimony was given by another witness. Judgment as to the rate of speed of a passing car partakes at best of a degree of conjecture; but long familiarity with such movements usually qualifies the observer to express an intelligent opinion. And even if the ruling in this instance might well have been the other way, we should hesitate to hold the error prejudicial.

6. SAME: speed of car: evidence.

Again, the plaintiff was permitted to identify a rough plat of the alleged place of the accident, and this is said to be error. There is no merit in this objection. If the plat was incorrect, it ought not to have been difficult to show that fact, and deprive it of injurious effect upon the minds of the jury. Having identified it, and pointed out thereon the place of the collision, it was admissible as a part of the witness' testimony, not necessarily as being correct, but as his version of it. The fact that an engineer's map or plat was also put in evidence by one of the parties affords no ground for excluding the rough draft.

7. SAME: evidence: plat: admissibility.

Exception is also taken to the admission of physician's answers to hypothetical questions having a bearing upon the alleged permanent character of the plaintiff's injury. It is said, first, that the subject is not a proper matter of hypothetical inquiry. No good reason is suggested for so holding. If a physician has had charge of the case, and knows the facts

8. EVIDENCE: hypothetical questions.

upon which to reach an intelligent opinion, it may be that a hypothetical question would be unnecessary and possibly improper; but, where he knows nothing except what a present physical examination may disclose, a statement by way of hypothesis of the alleged history of that condition may be quite essential to enable the witness to speak to the point.

It is next said the hypothesis as stated by plaintiff's counsel has no support in the testimony.. It may be said that, as is usually the case, the question is framed to present the plaintiff's theory in its most favorable aspect; but we think it does not so distort or depart from the record that the answer should have been excluded.

V.   It is finally said that the verdict of $500 in plaintiff's favor is excessive. If the jury believed the plaintiff's testimony, and it evidently did, the plaintiff suffered severe and painful bruises causing severe kidney trouble, from which he had not recovered at the time of the trial. For such injuries we are not prepared to say the recovery is excessive, or indicates passion or prejudice in the jury.

9. EXCESSIVE VER-
   DICT: passion
   and prejudice.

We find no sufficient ground for ordering a new trial, and the judgment below is *Affirmed*.

DEEMER, GAYNOR, and WITHROW, JJ., concurring.