ROSA E. GUY, Appellant, v. DES MOINES CITY RAILWAY
COMPANY, Appellee.

**NEGLIGENCE:** Crossing Tracks Ahead of Approaching Car. The driver
of a vehicle, in driving upon a street railway ahead of an approach-
ing car, is not necessarily negligent because he did not exercise
infallible judgment as to the safety in so doing. Record held in-
sufficient to show negligence *per se* in plaintiff.

STEVENS, J., dissents.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

DECEMBER 14, 1920.

REHEARING DENIED APRIL 6, 1921.

ACTION at law for recovery of damages. Directed verdict
and judgment for defendant, and plaintiff appeals.—*Reversed.*

*John A. McLennan* and *J. W. Wilson,* for appellant.

*W. H. McHenry* and *A. B. Howland,* for appellee.

WEAVER, C.J.—The plaintiff lived a block south and a half
block west of the intersection of West Grand Avenue and Tenth
Street in the city of Des Moines. The defendant's street rail-
way track occupies the middle of Grand Avenue, extending
east and west. Plaintiff was the owner of a Ford automobile, and,
on the day in question, with her 19-year-old son, she drove the
auto out of the alley at her residence east to the east side of
Tenth Street, where she turned north, intending to turn west
again on the north side of Grand. As she approached Grand
Avenue, her view to the west was obstructed by the building or
buildings extending up to the avenue line, and by another auto
which met and passed her, going south. According to her state-
ment, she had just reached the south railway track when she
discovered a street car approaching from the west, at about the
alley midway between Tenth and Eleventh. She was driving

slowly, and immediately sought to increase her speed, but had not fully cleared the track when the car collided with the rear wheel of the auto, carrying or dragging the auto upon its fenders. The car was brought to a stop 27 feet from the place of collision. The auto was badly wrecked, and plaintiff received a broken arm or shoulder and other bruises and injuries. She charges the defendant with negligence in operating the car at a negligent rate of speed, and with failure to give proper signal or warning of the approach of the car to the crossing; with employing an incompetent motorman; and in not bringing the car to a stop in time to have avoided the collision.

The defendant answers in denial, and alleges plaintiff's contributory negligence.

There was a jury trial. At the close of the evidence, defendant moved for a directed verdict in its favor, on the ground of entire failure of evidence showing the defendant chargeable with negligence, and because it shows, as a matter of law, that plaintiff was herself negligent. The motion was sustained by the trial court, and verdict returned accordingly. From the judgment entered thereon, plaintiff appeals.

I.   There was no evidence of the alleged incompetence of the motorman; and, in so far as that issue is concerned, it was properly withdrawn from the consideration of the jury.

II.   Whether plaintiff was entitled to go to the jury upon the other allegations of her petition is a more fairly debatable proposition. The same general rule defining the care to be observed by travelers, drivers, carriers, and motormen in the exercise of their common and equal right to the use of a public crossing is applicable, whether the crossing be a comparatively open, unobstructed, and unfrequented intersection, or is located in a crowded or congested center of traffic and travel; but it would be rank folly to say that the same act or omission which may be justly denounced as negligent under one of these conditions must also be so regarded under the other. Reasonable care is what is demanded, and what is reasonable depends on the varying circumstances of the case. It is a matter of common observation that the driver of a vehicle rarely approaches a much frequented crossing without finding others approaching from his right or left or both. With a swift glance, he notes their dis-

tance from him and the distance he must move to accomplish the crossing, and if, in his judgment, he can safely make it, he proceeds. It is practically an instantaneous mental operation, to which his physical movement immediately responds. He cannot stop to make minute examination or indulge in prolonged study of the chances. To do so would serve only to block the street to the use and convenience of others. Ordinarily, his judgment and belief that he can make it is justified by the result; but if it be otherwise, and he misjudges the speed of an approaching car, or the driver of the car fails to exercise the degree of care in its management and control which may reasonably be expected, and collision and injury occur, it does not follow of necessity that he is chargeable with contributory negligence, as a matter of law. True, he may take such chances under circumstances so clearly marked with recklessness or total want of reasonable care that the court will not entertain his complaint against the car company; but such contributory negligence is not shown by the mere fact that he was mistaken in his judgment as to the safety of the crossing. Speaking directly upon this subject, in *Adams v. Union Elec. Co.,* 138 Iowa 487, 489, we said:

"If the driver observes a car on the line at such distance that, in the exercise of ordinary prudence, he believes he can safely cross, and, in undertaking to do so, a collision occurs, this cannot be attributed to negligence on his part. *Patterson v. Townsend,* 91 Iowa 725; *Ward v. Marshalltown L. P. & R. Co.,* 132 Iowa 579. As observed in *Chauvin v. Detroit United R. Co.,* 135 Mich. 85 (97 N. W. 160), if one were always chargeable with negligence for driving upon a track when an approaching car is in sight, there are many places which could never be crossed without fault. Pedestrians or drivers of teams have as much right to the street as the street car company, and are not required to desist from traveling over any part of it because of the running of cars thereon. All exacted is that reasonable prudence with reference to their operation be exercised by them to avoid injury; and when, in so doing, it can be said that they reasonably believe a crossing can be made in safety, they may go over without laying themselves open to the charge of negligence."

Directly in point, also, is *Ward v. Marshalltown L. P. & R. Co.*, 132 Iowa 578, 580. There, speaking by McClain, C. J., we said:

"Now, while it has been well said that one about to cross a street car track should take precaution for his own safety (*Beem v. Tama & T. Electric R. Co.*, 104 Iowa 563; *Metz v. St. Paul City R. Co.*, 88 Minn. 48 [92 N. W. 502]), and should not rely upon nice calculation as to whether or not he can cross before a moving car (*McGee v. Consolidated St. R. Co.*, 102 Mich. 107 [60 N. W. 293, 26 L. R. A. 300, 47 Am. St. 507]; *Terien v. St. Paul City R. Co.*, 70 Minn. 532 [73 N. W. 412]; *Watson v. Mound City St. R. Co.*, 133 Mo. 246 [34 S. W. 573]), yet if, under the circumstances as they appear to him, he is justified in believing that he can cross the track in safety, and he is, in fact, injured by reason of the improper speed at which the car is operated, we can hardly say that his recovery should be defeated by the fact that, if he had looked at the very instant he came into immediate proximity to the track, he might have discovered his danger and avoided it. Under such circumstances, we think the question of contributory negligence is properly left to the jury."

So, also, in *Powers v. Des Moines City R. Co.*, 143 Iowa 427, 434, we again said:

"If, under the circumstances as they reasonably appeared to him, plaintiff was justified in thinking that he could cross the track in safety, and he was, in fact, injured by reason of the improper speed at which the car was operated, his right to recover is not conclusively negatived by proof that, if he had looked just before coming into the immediate proximity of the track, he might have discovered his danger and avoided it."

In the recent case of *Seitsinger v. Iowa City Elec. R. Co.*, 181 Iowa 739, 749, speaking by Stevens, J., we said:

"Plaintiff was required to use ordinary care and prudence in approaching and attempting to cross the track of defendant, and such as might be expected of an average man under like circumstances. He was not, however, required to stop and look and listen, but only to make reasonable use of his senses to determine whether a car was in such close proximity as to render an attempt by him to cross the track perilous or dangerous; and, if the car in question when he first saw it was so far away that

he could reasonably believe he had time to cross the track in safety before it would reach that point, he was not guilty of negligence, as a matter of law, in attempting to do so. *Adams v. Union Electric Co.*, 138 Iowa 487; *Watson v. Boone Electric Co.*, 163 Iowa 316; *Flannery v. Interurban R. Co.*, 171 Iowa 238; *Dow v. Des Moines C. R. Co.*, 148 Iowa 429.''

These and other cases were reviewed and the rule reaffirmed in an opinion by Gaynor, J., in *Flannery v. Interurban R. Co.*, 171 Iowa 238. It was also there held competent, upon the question of contributory negligence, for the plaintiff to testify that he drove upon the crossing because he thought there was no danger, and believed he had plenty of time to get across in safety.

In line with the same authorities, see *Chauvin v. Detroit U. R. Co.*, 135 Mich. 85 (97 N. W. 160); *McQuisten v. Detroit C. S. R. Co.*, 147 Mich. 67 (110 N. W. 118); *Omaha St. R. Co. v. Mathiesen*, 73 Neb. 820 (103 N. W. 666); *Fitzgerald v. Omaha & C. B. S. R. Co.*, 97 Neb. 856 (151 N. W. 931); *Cincinnati St. R. Co. v. Snell*, 54 Ohio St. 197 (43 N. E. 207); *Smith v. Union Trunk Line*, 18 Wash. 351 (51 Pac. 400); *Shea v. St. Paul City R. Co.*, 50 Minn. 395 (52 N. W. 902); *French v. Taunton B. R. Co.*, 116 Mass. 537; *New Jersey E. R. Co. v. Miller*, 59 N. J. L. 423 (36 Atl. 885); *Hart v. Cedar Rapids & M. C. R. Co.*, 109 Iowa 631; *Bridenstine v. Iowa City E. R. Co.*, 181 Iowa 1124; *Watson v. Boone Electric Co.*, 163 Iowa 316, 320; *Travelers' Indem. Co. v. Detroit U. R. Co.*, 193 Mich. 375 (159 N. W. 528).

Observing the rule illustrated by the cited cases, we think it cannot be said, as a matter of law, that plaintiff in this case is chargeable with contributory negligence. It is true that, when she reached the point at or very near the south track where she had an obstructed view to the west, she saw the car at the alley between Tenth and Eleventh Streets. The distance was at least a half block, plus half the width of Tenth Street. Moreover, the stopping place at this intersection for cars moving east was on the west side of Tenth, and, even if this car did not make the stop, it was the bounden duty of the motorman to approach it with his car under control, keeping due lookout for the safety of persons using or approaching the crossing (*Engvall v. Des Moines City R. Co.*, 145 Iowa 560; *Bremer v. St. Paul City R.*

*Co.*, 107 Minn. 326 [120 N. W. 382]) ; and while, of course, the plaintiff was not released from the duty to make use of her own faculties, it is nevertheless true that she was entitled to place some degree of reliance upon the performance of his duty by the motorneer.  Indeed, the faith or assurance entertained by all persons thronging these intersections that each will exercise his common right with due regard to the rules of care which the law imposes for the protection of others is all which keeps these cross-currents from becoming the occasion of perennial disaster; and such fact is not to be lost sight of in passing upon questions of contributory negligence.

In view of the law as settled in this jurisdiction and having practically universal recognition elsewhere, we cannot say, as a matter of law, that, when plaintiff came to the railway track and saw the defendant's car at the alley between Tenth and Eleventh Streets, with the usual stopping place for cars and a street intersection intervening between her and such car, she could not, as a reasonably prudent person, believe it safe to proceed and complete her crossing without waiting for the car to pass.  If the question had been submitted to the jury and a verdict had been returned in her favor, we are quite clear that it could not have been set aside as being without support in the evidence.

It is argued, however, that there is no evidence of negligence on defendant's part, and especially that there is no testimony showing undue speed of the car.  The record does not bear out the contention.  It is true that no witness undertakes to estimate the speed in figures.  Several witnesses were interrogated on the subject, and most of them answered somewhat vaguely, that the car was going "fast," or at a "rapid" rate, or "good click," or at a "right speed," or "moving rapidly." One witness does say that he has observed the speed of street cars, and that this was going more rapidly than the average. Now, it may be admitted that this alone is not very satisfactory, but we are not certain that it is not of equal value with the random estimates of "miles per hour" with which courts and juries are ordinarily favored in this class of cases.  But this is not all the testimony having proper bearing on the question. If it be true, as plaintiff testifies,—and, for the purpose of the point made, it must be taken as true,—that, when she discovered

the car at the alley a half block and half a street to the west, she immediately increased her speed to make it, but was struck before she could complete the clearance, it indicates that defendant's car covered the whole distance between them before the auto had moved more than about its own length, and this is a fact having significant bearing upon the rate of the car's movement. Still further, crediting the motorman with the ordinary impulses of humanity and prudence, it may fairly be presumed that, before the actual collision occurred, he was making effort to stop or check his car; yet the record shows that it struck the auto with such force as to break it up badly, and to carry or drag the wreck a distance of 27 feet before coming to a stop. Under all the evidence, the jury might well find that the car was being operated at a negligent rate of speed. To say the least, it is fairly demonstrated that the motorman did not have the car under control, in approaching and passing the crossing, as the law required. It follows of necessity that the court erred in directing a verdict for defendant. There must be a new trial.—*Reversed and remanded.*

LADD, EVANS, and PRESTON, JJ., concur.

STEVENS, J., dissents.