## DEAN v. MOREY.

1. **Sale of personal property: DISCLOSURE OF DEFECTS.** While a vendor of personal property is liable to the purchaser, where he fails to disclose a defect known to himself alone, and which the exercise of ordinary and reasonable caution on the part of the buyer would not be likely to discover, yet the vendor is not, under this rule, bound to disclose any superior knowledge he may possess, respecting facts and circumstances open to the observation of both parties.

2. —— It was accordingly *held,* that the failure on the part of the defendant, in the sale of a horse to the plaintiff, to disclose his knowledge that the horse was a cribber, furnished no cause of action to the plaintiff, it being shown that an examination of the horse's mouth on his part would have shown the defect.

*Appeal from Bremer Circuit Court.*

MONDAY, DECEMBER 20.

ACTION to recover of defendant for alleged deceit and misrepresentation in the sale of a three year old colt. Trial by the court. Judgment for defendant. Plaintiff appeals. The necessary facts appear in the opinion.

*W. M. Robertson* for the appellant.

*Gray & Dougherty* for the appellee.

DAY, Ch. J.— The evidence is conflicting. The plaintiff testified: "I examined the colt, and, while I was looking at it I asked Mr. Morey if it was all right. He said 'I think you will find it all right;' it is sound." H. G. Gray testified: "I asked defendant if he warranted the colt to Dean. He said he did not, but that he told him it was sound and all right." The defendant testified: "I told Mr. Dean that he must take the colt at his own risk; I told Mr. Dean I would give him $110.00, or the colt and $40.00 for his buggy, I did not care a straw which he took, for I paid $70.00 for the colt, but if he took the colt,

he took him at his own risk, for I would not warrant him." The plaintiff, also, testified that defendant refused to warrant the colt. It was further proved that the colt was a crib-biter, and had, to the knowledge of defendant, been such ever since it was a sucking colt. That it is a very uncommon thing for a colt so young as this to be a crib-biter. That it could easily have been discovered that it was such by looking in its mouth. Plaintiff testifies that he could have told this colt was a cribber by looking in its mouth. That the reason he did not do so was that he never saw or heard of a colt so young being a cribber. The determination of the court upon the facts of the case is treated as the verdict of a jury. And if there was much less to sustain such finding than exists in the present case, we would not, under the uniform course of decision in this court, feel justified in holding that the evidence does not support the judgment. It remains only to be considered whether the defendant is liable for not disclosing to the plaintiff the knowledge by him possessed that the colt was a cribber. The doctrine of the common law renders the vendor liable to the purchaser when he practices any artifice to conceal defects, or makes any representations to throw the buyer off his guard, or when any special trust or confidence is reposed in the vendor ; or where there is a latent defect known to the seller, which the exercise of ordinary and reasonable caution upon the part of the buyer will not likely discover. But if the defects in the article sold be open equally to the observation of both parties, the law does not require the vendor to aid and assist the observation of the vendee. When the means of information, relative to facts and circumstances affecting the value of the commodity, are equally accessible to both parties, and neither of them does or says any thing tending to impose upon the other, the disclosure of any superior knowledge which one party may have over the other, as to those facts and circumstances, is not requisite to the validity of the

contract. There is no breach of any implied confidence that one party will not profit by his superior knowledge as to facts and circumstances open to the observation of both parties or equally within the reach of their ordinary diligence.

It is the duty of the purchaser to apply his attention to those particulars which may be supposed within the reach of his observation and judgment, and of the vendor to communicate those particulars and defects which cannot be supposed to be immediately within the reach of such attention. If the purchaser be wanting of attention to those points, where attention would have been sufficient to protect him from surprise and imposition, the maxim *caveat emptor* ought to apply. 2 Kent's Commentaries (8th ed.), 482–490.

The plaintiff, by the exercise of reasonable care, would have discovered the defect in the property purchased. It is in evidence, without objection, that it is careless to buy a horse without looking in his mouth, and that an examination of this horse's mouth would have disclosed the fact that he was a cribber. Plaintiff saw fit to rely upon his own supposed knowledge that an animal so young would not be addicted to this vice, and, thus deliberately relying upon his own judgment, he failed to avail himself of the means of information of which he was possessed, and by the exercise of which he might have guarded himself effectually against imposition. Having acted thus heedlessly and recklessly, without exacting an express warranty, he must abide the maxim *caveat emptor*.

Affirmed.