W. H. JOYNER, Appellee, v. THE INTERURBAN RAILWAY COMPANY, Appellant.

NEGLIGENCE:   Contributory Negligence — "Last Clear Chance"
1 Doctrine.   The party who has a clear opportunity of avoiding an accident, notwithstanding the negligence of the other party, is considered responsible for it.

PRINCIPLE APPLIED:   The jury might have found: That plaintiff was going north with an automobile on the east side of a street; that, when he reached a cross street, he negligently ran his car upon or very near to a street car track, just as a street car, moving one mile per hour, rounded the corner from the east and turned south on the street on which plaintiff was traveling; that at this instant, plaintiff unintentionally "killed" the engine

of his auto and could not move the auto out of the way of the street car; that the motorneer saw plaintiff in his place of danger when at least 10 feet distant, and could have stopped the car almost instantly and avoided the accident, *but did not do so,* but ran into the auto and injured it. *Held,* defendant was liable.

**NEGLIGENCE: Contributory Negligence—When Question for Court 2 —Collision with Street Car.** The question of plaintiff's contributory negligence must remain with the jury, unless the facts and circumstances point so decisively to negligence that the minds of all reasonable men must unite in the conclusion that plaintiff was lacking in due care for his own safety. *Held,* under the record, such question was for the jury.

PRINCIPLE APPLIED: In addition to No. 1 (omitting the assumption of negligence), the jury might have found: That plaintiff was 15 feet from the car when the motorneer saw him on or near the track; that, had plaintiff turned to the left before his engine ''died'', the danger might have been increased; that there was not room to turn to the right; that, had plaintiff's engine continued to run, he would have had time to back his auto out of the way. *Held,* the question of contributory negligence was not for the court.

**TRIAL: Instructions—Objections and Exceptions—Failure to Object 3 Before Reading.** Failure to interpose an objection to an instruction before the same is read to the jury works a waiver of the objection. (Sec. 3705-a, Sup. Code, 1913.)

**APPEAL AND ERROR: Harmless Error—Cross-Examination—Ex-4 clusion of Evidence.** The exclusion, on cross-examination, of evidence deemed important by complainant, which he could readily have secured by making the non-hostile witness his own, will be passed over as harmless.

**WITNESSES: Cross-Examination—Collateral Matter.** Whether the 5 opposite counsel had the disagreeable habit of calling the witness in a particular line of cases is wholly foreign to any permissible line of cross-examination, such witness not being in the employ of such counsel.

*Appeal from Dallas District Court.*—HON. LORIN N. HAYS, Judge.

SATURDAY, NOVEMBER 27, 1915.

ACTION at law to recover damages for a personal injury.

Verdict and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*White & Clarke* and *Parker, Parrish & Miller,* for appellant.

*E. J. Kelly,* for appellee.

WEAVER, J.—The defendant operates an interurban railway, the cars of which enter the city of Des Moines over a track running west on Locust Street, from which it turns south on Fourth Street. The plaintiff was driving an automobile north on Fourth Street and approaching the Locust Street crossing on the east side of the car track. At the same time, one of the defendant's cars came up from the east on Locust and, as it turned south into Fourth, a collision occurred between the car and the automobile, to the injury of the latter. The plaintiff charges that this injury was occasioned by the neglect of the defendant, in that its employees in charge of the car approached and turned the corner without warning or signal, and that, though plaintiff, on discovering the car, promptly stopped his automobile at some distance from the car, said employees were either not keeping a proper lookout, or saw the peril and, without regard thereto, negligently failed to stop and negligently ran the car into collision with the automobile, without fault or negligence on plaintiff's part. The defendant denies the charge of negligence on its part and alleges that the collision was due to the negligence of the plaintiff himself.

Upon most of the material facts, there is a decided conflict of testimony. The plaintiff testifies that, when he discovered the approach of the car, he applied the brakes and stopped his automobile while the car was still 15 feet away, with the intention of backing out of danger; but in some manner he "killed" his engine, and defendant's car con-

tinued to come on around the turn and into collision with him. In this he is corroborated by the two persons riding with him. On the other hand, defendant's motorman swears that he was making the turn very slowly, at a rate of not over a mile an hour, and that, seeing that plaintiff was not going to stop, he stopped the car and that, as it was standing still, plaintiff ran his automobile into it. This witness is also corroborated. There is also evidence tending to show that, if defendant's car was rounding the corner at not more than a mile an hour, the motorman could have stopped it almost instantly.

I. The first and principal point presented by the record is whether there was evidence sufficient to take the case to the jury on the question of defendant's alleged negligence.

1. NEGLIGENCE: contributory negligence: avoidable under "last clear chance" doctrine.

An examination of the record makes it quite clear that the trial court did not err in refusing to hold, as a matter of law, that no negligence had been shown. When the driver of the automobile and the motorman of the car discovered each other and appreciated the danger of a collision if both continued their course, they were 15 feet apart, according to plaintiff, or about 10 feet, according to the motorman. They were then each in duty bound to do what ordinary prudence required to avoid collision, and, if necessary to that end, they should have stopped. This they evidently recognized, for each swears that he did stop. If both were correct, then no collision would have occurred. If one of them stopped and the other drove on and brought about a collision, then the latter was clearly negligent and is legally chargeable with the resulting damage, even though the one who stopped had, up to that point, been himself negligent. Under the evidence, it was competent for the jury to find that plaintiff did stop; but, by reason of the killing of his engine, he was unable to take his automobile away from the track, and that the motorman, though able to stop his car in ample

time to avoid the accident, failed to do so; and this is evidently what it did find. It is argued that plaintiff ought to have seen the car sooner and acted more promptly, and that he might have turned to right or left and thus insured his safety. All this is fair matter of argument, but it is not for the court to say what specific act of caution ought to have been observed. It is evident that to turn to the left and cross the track in front of the approaching car might have served to increase the danger, and plaintiff says as a witness that he thought the turn to the right was too short. He further says that he had time to stop and back out of the way and would have done so but for the failure of his engine. As in most accidents upon a much used crossing, the emergency arose suddenly, and plaintiff was not bound, as a matter of law, to resort to one expedient rather than to the other. He chose one which would have saved him harmless but for the unforeseen misbehavior of his engine, and it would be going beyond all precedent to charge him with contributory negligence as a matter of law. We find no such insufficiency of evidence upon the issue of negligence or contributory negligence as will justify an interference with the verdict. If plaintiff's evidence was credible—and such the jury could properly find it—defendant's employees in charge of the car manifestly had the last clear chance to avoid the collision, after the failure of plaintiff's·engine had left him helpless to get out of the way.

2. NEGLIGENCE: contributory negligence: when question for court: collision with street car.

II. Counsel, in argument, criticise the instructions given the jury; but no exceptions having been taken thereto, as required by Chapter 289 of the Acts of the 35th General Assembly, the objections must be treated as having been waived.

3. TRIAL: instructions: objections and exceptions: failure to object before reading.

Of the other points stated in the opening of the brief of appellant, none are argued, except it is said that the defendant

was prejudiced because the court limited it too closely in the cross-examination of two witnesses. One of these witnesses was defendant's motorman, and we think the cross-examination which was disallowed was not strictly germane to the direct examination. Moreover, there would seem to be no valid reason why defendant should not recall the witness in its own behalf, if the matter sought to be elicited was thought to be of any importance. The other witness was a discharged employee of the defendant company, who testified to the distance in which an interurban car could be stopped while moving at not to exceed a mile an hour, and it was sought on cross-examination to ascertain if the witness had not before, or on other occasions, been called by plaintiff's attorney as a witness in cases of the same kind or class. This was ruled out, and that the ruling was correct is very apparent. The orderly course of a trial ought not to be interrupted for the consideration of trifling collateral issues. The witness had already said that he was not in the employment of Mr. Kelly, and the fact whether he had or had not in other cases been called by that counsel to testify as a witness was wholly immaterial.

*4. APPEAL AND ERROR: harmless error: cross-examination: exclusion of evidence.*

*5. WITNESSES: cross-examination: collateral matter.*

The verdict returned by the jury was for $40 only, and to justify sending the case back for retrial, the record should disclose some clear and convincing showing of prejudice to the appellant. Nothing of the kind appears, and the judgment appealed from ought to be, and it is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.