BRYAN & COMPANY, Appellees, v. L. H. SCURLOCK et al., Appellants.

**JOINT ADVENTURES:** Rights, Duties, and Liabilities—Wrongful
1   Conversion. Wrongful conversion by one joint adventurer of the fruits of the adventure will be corrected by compelling the wrongdoer to account to the injured party.

**PRINCIPAL AND AGENT:** Rights, Duties, and Liabilities—Agent
2   Converting Subject-Matter of Employment. An agent who is employed to devise a means to accomplish a prescribed result, and, while so employed, invents such a ·device. may not lawfully convert the same to ·his own use. *The invention belongs to the employer.*

**JUDGMENT:** Amendment, Correction, Etc.—*Modification Pending*
3   *Appeal.* The trial ·court has no power, pending an appeal, to modify the judgment from which the appeal has been taken.

PRINCIPLE APPLIED: The pleadings in an action gave the court the option either to render a money judgment against defendant, or to order defendant to turn over certain specific property to plaintiff. The court entered the latter decree, and ordered defendant to comply therewith within five days. The defendant appealed. Pending appeal, plaintiff moved the trial court to vacate the decree, and to enter a money judgment in

its favor. *Held*, the trial court was without jurisdiction to enter such an order.

APPEAL AND ERROR: Effect of Transfer—Jurisdiction of Appellate Court. Whether the Supreme Court has jurisdiction, on appeal, to transform a judgment for the recovery of specific property into an award of money, when the record is bare of any evidence as to the value of the specific property, *quaere;* but *held;* an application so asking was properly refused, in view of plaintiff's failure to move for such relief in the trial court.

JUDGMENT: On Trial of Issues—Time Limit for Performance—Effect. *Compliance* with a decree which orders defendant to turn over certain specific property to plaintiff within a named time, is not a condition precedent to the continued existence of the order. Defendant may appeal; and, upon affirmance, the original time for performance having elapsed, plaintiff may have a new time fixed for performance.

*Appeal from Black Hawk District Court.—C. W.* MULLAN, Judge.

JUNE 24, 1918.

REHEARING DENIED SEPTEMBER 30, 1918.

THE plaintiffs claim that they and the defendants, other than Muehl, were joint adventurers in an attempt to produce a device to transmit the power used in operating a motor vehicle equally to both driving wheels; that Muehl was employed to further said joint venture, and generally employed to give the parties the benefit of his experience as an expert mechanical engineer and as an inventor; that, during the employment, Muehl made certain discoveries; that he and the other defendants converted the same to their own use, by obtaining patents thereon and organizing a company for manufacture and sale under such invention. With some exceptions that will be noted in course of the opinion, the suit of plaintiffs is, in effect, an attempt to have the defendants ordered to make specific performance. The trial

court found for the plaintiffs, and the defendants appeal. The plaintiffs, too, have perfected an appeal, which asserts that the relief which the court granted to plaintiffs should have been changed as they demanded.—*Affirmed.*

*Pickett, Swisher & Farwell* and *J. T. Sullivan,* for appellants.

*Edwards, Longley, Ransier & Smith,* for appellees.

SALINGER, J.—I. Appellants insist strenuously that the evidence does not sustain the decree as entered. This presents a question of fact. As the printed record consists of more than 400 pages, it is utterly imprac-

1. JOINT ADVEN-TURES: rights, duties, and liabilities: wrongful conversion.

ticable, within the limits of an opinion, even to epitomize it, and to do so would help no one. The evidence has been read with the utmost care, and with the attention that the large interests involved demand. We have to say that, in our opinion, it fully sustains the findings of the trial court, and does so if testimony which the appellants insist was incompetent be excluded. Both parties agree, though they reach the agreement by different routes, that it is not material whether the defendants were engaged in a conspiracy to convert the interests of the plaintiffs in the property of the joint adventurers. And this is so. If there was such conversion, it is wholly immaterial that no conspiracy was used to accomplish it. The claims of these plaintiffs, like any other, may be established by permissible deductions from testi-

2. PRINCIPAL AND AGENT: rights, duties, and liabilities: agent converting sub-ject-matter of employment.

mony given, and by circumstances adduced in proof. *Goss v. Lanin,* 170 Iowa 57. We think it is so established that the parties were joint adventurers; that the object of the venture, as it finally developed, was to use the inventive ability of Muehl to create a practicable device for transmission of power in motor vehicles; that, while Muehl was in the employ of the parties, he made such

an invention; and that the same was thereafter capitalized by the defendants. If this be so, it follows that the trial judge rightly held that Muehl could assert no interest in the stock for which the invention discovered by him when an employe of the parties was capitalized. *Solomons v. United States*, 137 U. S. 342; *Gill v. United States*, 160 U. S. 426; *Dempsey v. Dobson*, 174 Pa. 122 (34 Atl. 459); *Eustis Mfg. Co. v. Eustis*, 51 N. J. Eq. 565 (27 Atl. 439). It follows as well that the court rightly ordered that the defendants transfer to the plaintiffs certain shares of stock in the corporation which had capitalized the said invention. 23 Cyc. 455, 461.

We agree with the trial court that *Robinson v. McCormick*, 10 Am. & Eng. Ann. Cases 548, is not in conflict with the *Solomons* case and may be distinguished therefrom, and are unable to agree with the contention made by the appellants, in an application to have the case reheard below, that the decision here should be controlled by cases like *Hapgood v. Hewitt*, 119 U. S. 226, *Dalzell v. Dueber W. C. Mfg. Co.*, 149 U. S. 315, and *Pressed Steel Car Co. v. Hansen*, 137 Fed. 403. It was decreed, too, that, within five days after notice was given that such stock had been delivered for the plaintiffs, they should repay to the defendants Wolf and Scurlock each his pro rata share of the expenses incurred in developing such invention and in organizing said new company, said in the decree to amount, in the aggregate, to $7,974.51. As we understand it, appellants do not contend that, on the evidence as it now exists, this allowance can or should be altered.

We cannot interfere on the appeal of appellant.

We now come to the appeal of the plaintiffs.

II. In connection with the prayer for relief, including a money judgment against all defendants save the Gear Company, the plaintiffs, now the appellees, consented that

3. JUDGMENT:
amendment,
correction,
etc.: modifica-
tion pending
appeal.

their claim might be satisfied by delivery to plaintiffs of a stated amount of shares of stock, and offered that, in lieu of judgment for a sum of money to which they claim they are entitled on account of the wrongful conversion, to take a pro rata transfer of stock. They pleaded:

"This offer is not intended to give to the defendants the right of election whether they will pay the money judgment or transfer the stock, but is made in order to give the court the option of rendering a judgment in favor of plaintiff for money or for the proper distributive share of the profits of such patented device."

The trial court accepted this option. The decree gave no money judgment, but ordered, instead, that certain shares of stock should be transferred from the defendants to the plaintiffs. Instead of complying with this order, the defendants appealed. After they had perfected their appeal, the plaintiffs moved the trial court, in effect, to vacate the judgment made, and to transform it into a money judgment. This application does not seem to have been pressed, and was not acted on. In fact, it appears satisfactorily, from the record as a whole, that it was abandoned because of the belief that the trial court had no power to act—and it did not have. Pending appeal, the district court has no power to modify a judgment on the application of plaintiff, even though that modification be wholly in favor of the defendant, and shall eliminate matter which defendant complains of on appeal on his part. *Culbertson v. McAlister,* 111 Iowa 447.

The application to the district court may not be reviewed on this appeal.

III. There is an application in this court to transform the decree entered and appealed from into an award of money, and a motion to strike same. To say the least, it

**4. APPEAL AND ERROR: effect of transfer: jurisdiction of appellate court.** is extremely doubtful whether we have jurisdiction to entertain such an application. To do so would involve finding the value of the stock which the trial court ordered to be transferred, and which has not yet been transferred. No finding was made or conclusion reached upon that point in the decree below. To grant relief of this character on original application here would come dangerously close to disobeying that mandate of the Constitution which limits us to appellate powers. See *State v. O'Donnell*, 176 Iowa 337.

But passing that, the application should be denied if we assume there be power to entertain it. As seen, the plaintiff expressly authorized the trial court to award a transfer of the stock in lieu of a money judgment. No application was made to that court while it still had jurisdiction to modify or change the decree in this regard. We should not now undertake to do that which should have been done in the trial court at the proper time.

It seems to be the thought of counsel for the appellees that obeying the order of the district court to transfer the stock, and to obey within the time fixed in the order, is a **5. JUDGMENT: on trial of issues: time limit for performance: effect.** condition precedent to the continued existence of the decree. In other words, if it be ordered below that a certain thing be done within a stated time, and, instead of compliance, there be an appeal, the Supreme Court will, on original application, work a forfeiture for disobedience to the mandate below. We do not so understand the law. We think it a general appellate court rule that, when there is an appeal from a judgment directing that a thing be done within a stated time, all that can be done on affirmance is to fix a new time for performance. See *Shimanek v. Chicago, M. & St. P. R. Co.*, 178 Iowa 1187; and, as in some degree supporting, *Young v. Young*, 179 Iowa 1259.

It is our judgment that the decree must be affirmed on

both appeals. It is now ordered that, within sixty days from the time that this opinion becomes final, the defendants shall transfer the stock as the decree below directs. If that be not done, the district court shall take evidence on the value of such stock, and thereupon determine what money judgment shall be rendered against defendants, and to enter such judgment accordingly.—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.