MARY LUETTA DUNHAM, Administratrix, Appellee, v. DES MOINES
RAILWAY COMPANY, Appellant.

No. 47304.

(Reported in 35 N. W. 2d 578)

422

JANUARY 11, 1949.

REHEARING DENIED MARCH 11, 1949.

Corwin R. Bennett and Dale S. Missildine, both of Des Moines, for appellant.

Paul W. Steward and A. B. Crouch, both of Des Moines, for appellee.

HAYS, J.—In an action for damages on account of the death of plaintiff's decedent, due to a collision between defendant's streetcar and a semitrailer outfit driven by decedent, there was a verdict for $20,000. There was a motion for a new trial and for judgment notwithstanding the verdict. The latter motion was overruled. In ruling on the motion for a new trial, the trial court ruled that if the plaintiff filed a remittitur of all in excess of $15,000 within fifteen days the motion would be overruled; otherwise sustained. No remittitur was filed and a new trial was granted. Both plaintiff and defendant have appealed. Defendant will be referred to as appellant.

The motion for a new trial being sustained, appellant's appeal must be from the overruling of the motion for judgment notwithstanding the verdict. The basis for this motion is that the appellant's motion for a directed verdict should have been sustained. This means that on this appeal by appellant the evidence must be viewed in the light most favorable to appellee. Lathrop v. Knight, 230 Iowa 272, 297 N. W. 291; Tuthill v. Alden, 239 Iowa 181, 30 N. W. 2d 726.

While appellant submits fifteen alleged errors as a basis for a reversal, they may be classified as (1) contributory negligence of appellee's decedent (2) no negligence on part of appellant (3) not the proximate cause, assuming negligence, and (4) erroneous reception of evidence.

Briefly, the facts as disclosed by the record are: Decedent was employed by the Rock Island Motor Transit Company as a truck driver and was engaged in hauling between Des Moines and Chicago. Appellant operates the streetcar system in the city of Des Moines and immediate vicinity. One branch, the Douglas Avenue-Urbandale line, serves not only the city of Des

Moines, but also Urbandale, an incorporated town just beyond the Des Moines city limits. Hubbell Boulevard, a paved street through Des Moines, is classified as an arterial highway and, in part at least, carries U. S. Highway No. 6. At approximately East Thirty-third Street, if it had been extended to Hubbell Boulevard, the tracks of the Douglas Avenue-Urbandale line cross the boulevard. The approach to the boulevard is on appellant's private right of way. At this point the boulevard runs east and west; the car tracks north and south.

To the east of the tracks about seventy-eight feet is a bridge where the boulevard crosses Four Mile Creek. The bridge is one hundred twenty-two feet long. To the north of the boulevard about forty feet and to the west of the tracks is a small station or shelterhouse for appellant's patrons. There is no stop sign or marked stop line where the tracks intersect the boulevard. At various streets intersecting the boulevard in this vicinity, stop signs have been erected.

On the morning of October 1, 1947, at about 6:30 a. m., decedent, driving a semitrailer outfit, was approaching the crossing in question from the east. The pavement was wet and there was a slight drizzle. At the same time appellant's car was approaching the intersection from the north. Decedent was alone in the truck. There were several passengers in appellant's car, and at the time of the collision two men in a Ford car were approaching the intersection from the west. When appellant's car was halfway across the boulevard, the semitrailer hit the rear end thereof resulting in the death of decedent.

The testimony concerning the accident is rather vague and is somewhat in dispute. Harold McVay, driver of the Ford car, stated that he saw the streetcar coming from the north and the truck from the east. The truck, at this time, was practically on the bridge. That the streetcar slowed almost to a stop and then proceeded across the boulevard. At the time the streetcar slowed down, the truck was on the bridge. When the car was about halfway across the pavement, the truck jackknifed and hit the car. Willard Mohr, riding in the McVay car, states that he saw the streetcar approach the shelterhouse, slow down as though to stop and then pick up speed and proceed across

the highway. The truck was at the east edge of the bridge when the streetcar slowed down at the shelterhouse.

Hershel Kile, a passenger on the car, saw the lights of the truck at the time the car stopped momentarily before crossing the highway. He did not observe it afterwards. Two other passengers state that the car came to a momentary stop at or near the shelterhouse. They did not see the truck.

C. E. Lewis, appellant's motorman, stated that, as he approached the boulevard from the north, he observed the lights of the truck coming from the east, at which time he started to slow down for the crossing. That as he came within eight feet of the highway, he came to a complete stop and then proceeded across the same. At this time, the truck was about fifty feet east of the bridge. He made no further observations of the truck and was about halfway across the highway when the truck struck the rear end of his car. The above is, in substance, the record in the case.

■ Appellant contends that, under this record, appellee's decedent was guilty of contributory negligence as a matter of law. It is appellee's theory that decedent had the right of way, it being an arterial highway; that appellant's stopping was an invitation to decedent to proceed, and that she is entitled to the benefit of the no-eyewitness rule on this question. The trial court held that decedent did not have the right of way, as a matter of law, as the appellant was under no statutory duty to stop before crossing the highway. This ruling is based upon the provisions of section 321.345, Code of 1946. While this may appear to be contrary to our holding in Davis v. Hoskinson, 228 Iowa 193, 290 N. W. 497, we believe the cases may be distinguished and, furthermore, section 321.345 was not considered therein. The trial court was correct in its holding.

■ Appellant also contends that it was decedent's duty to yield the right of way. This claim is on the theory that the car was in fact an interurban rather than a streetcar, and entitled to the benefits of the rule announced in Hawkins v. Interurban Railway Co., 184 Iowa 232, 168 N. W. 234; Baker v. Des Moines City Railway Co., 199 Iowa 1256, 202 N. W. 762, and other cited cases. However, it is clear, under this record,

426

that appellant's car must be classified as a streetcar. Wright v. Des Moines Railway Co., 231 Iowa 410, 1 N. W. 2d 259; section 321.1, subsection 30, Code of 1946. While in the cases cited by appellant there are statements which would appear to apply the same rule to streetcars as is applicable to railroads, they do not determine the question. In Adams v. Union Electric Co., 138 Iowa 487, 489, 116 N. W. 332, 333, it is said:

"Upon observing a car in the distance the driver of a vehicle can neither recklessly drive upon the crossing in a race with the car, nor is he arbitrarily required to stop his vehicle and await for its passage. * * * All exacted is that reasonable prudence with reference to their operation be exercised by them to avoid injury, and when in so doing it can be said that they reasonably believe a crossing can be made in safety they may go over without laying themselves open to the charge of negligence."

See also Flannery v. Interurban Railway Co., 171 Iowa 238, 153 N. W. 1027; Joyner v. Interurban Railway Co., 172 Iowa 727, 154 N. W. 936; Guy v. Des Moines City Railway Co., 191 Iowa 302, 180 N. W. 294. That this is in accord with the weight of authority see 5 Am. Jur., Automobiles, section 311; annotation 28 A. L. R. 217; 46 A. L. R. 1000. The trial court refused to instruct on appellant's theory of "priority of right of way" but submitted the question of "reasonable care under the circumstances," and in this we find no error.

Appellee contends that under the no-eyewitness rule announced in Hayes v. Stunkard, 233 Iowa 582, 10 N. W. 2d 19, the question of contributory negligence was for the jury. The court did not instruct upon this issue, although such may have been proper under the facts herein. However, there was ample evidence to raise a jury question as to contributory negligence and appellant's motion on this question was properly overruled.

II. Appellant's second assignment of error is that the record fails to show negligence in any of the respects charged in appellee's petition.

. Appellee charged, and the court submitted to the jury, the question of "proper lookout" upon the part of the motorman.

He testified that he saw the truck approaching as he slowed down but did not observe it thereafter. Under the pronouncement in Pazen v. Des Moines Transportation Co., 223 Iowa 23, 272 N. W. 126, this specification of negligence was properly submitted.

The trial court also submitted to the jury the question of whether or not, under the exercise of due care, the streetcar should have stopped before proceeding across the highway. While the record would appear to establish the fact that the streetcar did stop, there is some dispute upon this question. It is not claimed by anyone that even assuming that the streetcar did stop, the stop was more than a momentary one, as all parties concede that the streetcar immediately picked up speed and crossed the highway. The "stop" contemplated in both the specification of negligence and in the instruction would not be met by a momentary stop, if, under the circumstances, in order to avoid a collision, a stop was necessary. This charge of negligence was properly submitted.

The third specification of negligence submitted to the jury was whether appellant's motorman exercised due care in first slowing down, or stopping, and then proceeding across the highway. Under the record, the jury might well find that the conduct of the motorman in slowing down, or stopping, led decedent to believe he was being given the right of way—that the then sudden starting constituted negligence.

III. Appellant claims that even though it was negligent, such negligence was not the proximate cause of the collision. As stated in Lawson v. Fordyce, 234 Iowa 632, 641, 12 N. W. 2d 301, and in Godbey v. Grinnell Electric & Heating Co., 190 Iowa 1068, 181 N. W. 498, proximate cause is a question for the jury save in very exceptional cases where the facts are so clear and undisputed, and the relation of cause and effect so apparent to every candid mind, that but one conclusion may be fairly drawn therefrom. This is not such an exceptional case and was correctly submitted to the jury.

IV. Appellant's fourth assignment of error is that the court erred in receiving certain testimony relative to signs placed at the intersection by the appellant. It was brought out

on cross-examination of the motorman, over objections, that at the intersection of the track and the highway the company had suspended certain red discs which under the company rules meant to stop. This evidence was received and the jury instructed that it should be considered only as it may tend to show recognition by the appellant of the traffic conditions of the crossing. For this purpose it was admissible. Lindquist v. Des Moines Union Railway Co., 239 Iowa 356, 30 N. W. 2d 120. We find no error upon appellant's appeal.

As before stated, appellee has likewise appealed. As a basis therefor four propositions are urged: (1) Holding that the verdict was excessive (2) granting an extension of time for moving for a new trial by ex parte order (3) holding that appellee waived right to attack such order, and (4) in granting a new trial after appellant had served notice of appeal.

The record shows that on February 5, 1948, the verdict was filed and judgment entered for $20,000. On said date, without notice to appellee, appellant was given twenty days to file a motion for a new trial and other motions. On February 19 the motion for a new trial and for judgment notwithstanding the verdict was filed. On March 3 the motions were ruled upon and appellee given fifteen days within which to file a remittitur, or a new trial would be granted. On March 6 appellant perfected an appeal to this court. On March 19 the order granting a new trial was filed.

V. Appellee contends that by the taking of appellant's appeal the trial court lost jurisdiction to enter any further orders. Three cases are cited as substantiating this contention. In Bryan & Co. v. Scurlock, 184 Iowa 378, 168 N. W. 144, while a motion was made to the trial court after appeal to vacate the judgment, the same was never ruled upon. Stillman v. Rosenberg, 111 Iowa 369, 82 N. W. 768, states that when an appeal is taken all power of the court below over the parties and the subject matter is lost until the cause is remanded for further action. The matter under inquiry in the cited case was a supplemental decree entered after appeal was taken. The question there was entirely different from the one in the instant case, and while we do not question the decision therein

we do think the general statement as an abstract legal proposition is too broad. Pilkington v. Potwin, 163 Iowa 86, 144 N. W. 39, is not in point.

In Cook v. Smith, 58 Iowa 607, 608, 12 N. W. 617, a similar question was before the court and we said:

"Did the subsequent appeal oust the Circuit Court of such jurisdiction [to grant a new trial on timely motion]? There is no statute which so provides. The right to apply for, and the power of the court to entertain, jurisdiction of the application during the time limited in the statute are absolute and unconditional. * * * We think not."

This rule is reaffirmed in Kenwood Lumber Co. v. Armstrong, 197 Iowa 1239, 198 N. W. 521, and Shaw v. Addison, 236 Iowa 720, 18 N. W. 2d 796.

Rule 247, Rules of Civil Procedure, provides that a motion for a new trial must be filed within ten days after the verdict unless the court, for good cause shown and not ex parte, grants an additional time not to exceed thirty days. Assuming the motion to have been filed in time, the district court was not deprived of its jurisdiction to pass upon the motion and enter order accordingly, notwithstanding the appeal.

 This brings us to the next question. Was the motion timely, or, if not, did appellee waive this question? The time to file a motion for a new trial was extended to twenty days, rather than the statutory ten. The extension was ex parte and thus in violation of Rule 247, supra. However irregular such an order may be, it was not jurisdictional as at the time the same was made the court had full jurisdiction over both the parties and the subject matter. No doubt, upon timely objections, such order might be set aside.

 Was timely objection made? The trial court held not and we think correctly so.

Appellee appeared at the hearing on the motion for a new trial on February 25, but raised no question as to the timely filing of the motion or the invalidity of the ex parte order. Appellee in argument states, "Under this record we were confident that this verdict was not excessive and felt nothing could

430

be gained by questioning the ex parte order * * *." Appellee, fully cognizant of the facts, saw fit to gamble and lost. Clearly the irregularity of the ex parte order was waived.

■■■■ Finally, appellee contends that the verdict was not excessive. The trial court overruled all paragraphs of the motion for a new trial except paragraph 4, which raised the question of an excessive verdict. As to this paragraph, it states: "After an examination of the authorities the court is of the opinion that the amount of the verdict herein is excessive, but not to the extent of showing passion or prejudice on the part of the jury." Under the pleadings, appellee asked for $50,000. The court in its instructions to the jury stated: "You are instructed that the measure of such recovery * * * is the present worth or value of the net estate which you find from the evidence the deceased reasonably would have saved and accumulated if he had lived the term of his natural life." The jury returned a verdict for $20,000, which the trial court found to be excessive, although not the result of passion or prejudice.

While no one questions the right of the trial court, in proper cases, to reduce the award or grant a new trial, by so doing the trial court is substituting its judgment on a purely fact question for that of the jury. It is the opinion of the court that only where the award appears to be unconscionable or clearly not warranted by the record should the judgment of the jury, in such matters, be disturbed. What this court or other courts may have done in other cases may hardly be deemed a precedent or be of much assistance to the trial court when confronted with the plea of an excessive verdict. Each case must necessarily turn upon its own particular facts.

The instant record shows decedent was thirty-three years of age with a normal expectancy of thirty-four years. He had a wife and two children. He was in good health and his employment record was excellent. He had been with his present employer since 1941 and for the year preceding his death his earnings amounted to $4434.13. The possibility of advancement by his employer seemed assured. During the last two years he had, in addition to providing for his family, saved about $2000.

The record further shows that the funeral expense was

$1128. The trial court submitted to the jury the question of this expense and authorized a recovery of interest thereon for the period of the expectancy, if appellee was found entitled to a verdict. Presumably a part of this verdict was on this account.

Furthermore, this man was killed at a time when the dollar which he receives is materially reduced in purchasing power from what it was in many of the cases cited by appellant. The sum which was awarded by the jury should be considered in the light of present-day standards. Dedman v. McKinley, 238 Iowa 886, 29 N. W. 2d 337.

While it is true, as contended by appellant, a trial court is vested with a large discretion in passing upon a motion for a new trial which we are reluctant to interfere with, we feel that under all of the facts in the instant case the award of $20,000 was a fair and honest expression of the jury upon a fact question, submitted to them for a determination and amply substantiated by the record. The trial court was in error in ordering a remittitur and in granting a new trial.—Affirmed upon appellant's appeal; reversed on appellee's appeal and remanded with directions to reinstate the original judgment.

OLIVER, BLISS, GARFIELD, WENNERSTRUM, MULRONEY, and SMITH, JJ., concur.