MAYNARD SEXTON, appellant, v. CLAY EQUIPMENT COMPANY et al., appellees.

No. 47770.

(Reported in 47 N.W.2d 792)

MAY 8, 1951.

Emil G. Trott, of Iowa City, for appellant.

Ries, Dutcher & Osmundson, of Iowa City, for appellees.

OLIVER, J.— ■ ■ Defendants had appeared by their attorneys prior to June 30, the appearance date. July 25 they filed answer and counterclaim. July 23 plaintiff had moved for default for failure of defendants to move or plead within seven days after the appearance date as required by Rule of Civil Procedure 85. July 27 plaintiff moved to strike defendants' answer and counterclaim because filed after the motion for default and not timely filed within R. C. P. 85. After a hearing thereon both motions were overruled. The order of the court (Judge Gaffney) recited "substantial justice would not be meted out to defendants" if the Rules of Civil Procedure were strictly adhered to.

R. C. P. 85(f) states, in part: "* * * For good cause, but not ex parte, and upon such terms as the court prescribes, the court may grant a party the right to file a motion, answer or reply where the time to file same has expired."

The quoted provision was placed in the rule in 1945. The comment states (see Acts of Fifty-first General Assembly, page 339):

"The change in paragraph (f) was made to avoid miscarriage of justice by giving the court discretion in permitting the filing of motions, answers or replies, thus avoiding the loss of substantial rights through the strict application of an arbitrary rule of procedure."

In City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895, this court reversed an order denying an application to set aside a default under circumstances similar to those in the case at bar. It will be noted the quoted provision in R. C. P. 85(f) was not in effect when the trial court made the order in the Barnes case. However, in the decision upon appeal, this court pointed to the amendment as indicating the original rule should not be too strictly construed.

In the case at bar the cause of defendants' failure to plead promptly was the inability of counsel to secure from them the information necessary to prepare the counterclaim. In effect the order granted defendants the right to file the answer and counterclaim eighteen days after the time to file had expired. Rule 85(f) as modified empowered the court to make such an order. We conclude the order did not constitute an abuse of discretion under the circumstances.—Affirmed.

All JUSTICES concur.