FRANK L. DVORAK et ux., appellants, v. EDWIN DUAIN DVORAK, sometimes known as EDWIN D. DVORAK, et al., appellees.

No. 48293.

(Reported in 60 N.W.2d 88)

SEPTEMBER 22, 1953.

1114

Fisher & Fisher, of Cedar Rapids, for appellants.

Otto L. Schluter, of Cedar Rapids, for appellees.

THOMPSON, J.—Plaintiffs (husband and wife) alleged in their petition filed July 16, 1952: That on May 26, 1950, they sold the premises involved here to defendants Duain and Marian Darlene Dvorak, husband and wife, as joint tenants; that the sale was under contract for $8500, payable $1500 down and the balance at $60 per month; that the contract was recorded; that on June 2, 1951, they served on said defendants a thirty-day notice of forfeiture of said contract; that more than thirty days elapsed without redemption being made and on July 5, 1951, they filed the notice, return of service thereof and an affidavit of nonredemption, but that "through error and mistake and under a mistaken misapprehension" they "accepted from the defendants * * * an assignment of the said defendants' above named interest in the * * * real estate, and in the [said] contract." There was also an allegation that the other named defendants "have or claim to have some sort of a lien or claim * * * but * * * that if [said] defendants have any claim * * * it is junior and inferior to the claims of these plaintiffs." They asked a decree quieting title against all defendants.

In response to a motion for more specific statement plaintiffs later alleged that defendant, Florence Gunderson, under the name Florence Dvorak, had a judgment against defendant Edwin D. Dvorak, entered April 24, 1947, in the sum of $1200 plus attorney fees and costs.

As only defendant Gunderson appeared we shall hereinafter refer to her alone as defendant and appellee. Decree quieting title has been entered against all other defendants. On August 12, 1952, she filed a motion to dismiss urging six grounds, to wit: (1) That the petition failed to state a claim on which any relief can be granted (2) it failed to allege any facts to invoke equitable relief (3) the alleged mistake and error did not particularly affect the rights of the parties to the alleged assign-

ment in view of the forfeiture of the contract (4) plaintiffs sought relief solely upon the allegation of error, mistake and misapprehension which was a conclusion and not a statement of fact (5) plaintiffs failed to allege either plaintiffs or defendants Edwin Duain and Marian Darlene Dvorak "have been prejudiced by the alleged mistake and error", and (6) plaintiffs pleaded no facts which could divest defendant of her judgment (against defendant Edwin D. Dvorak) or any rights thereunder.

The court, on August 25, made a calendar entry sustaining "the motion to dismiss * * * on grounds 4, 5 and 6 thereof."

Thereafter nothing further was done until September 23 when plaintiffs filed another amendment to their petition and a "motion for additional time to amend and plead under Rule 85, Iowa Rules of Civil Procedure", supported by affidavit purporting to explain the reason for the delay in "pleading further" after the ruling. This amendment averred that the $1500 down payment on the sale to defendant Edwin Duain Dvorak was never made in cash and that his note therefor was never paid; also "that the lien, if any, of the defendant, Florence Gunderson, applied only to the interest of Edwin Duain Dvorak" and was inferior to plaintiffs' rights.

On September 24 defendant moved to strike plaintiffs' "motion for additional time to amend and plead." This motion to strike was based solely and squarely on the proposition that plaintiffs, by failure to plead further within seven days after the court (on August 25) sustained the motion to dismiss, had elected to stand on the record, that the ruling had thereby become a final adjudication and the court had no further jurisdiction.

The court, on October 11, sustained the motion to strike, and thereafter, on October 27, notice of appeal was filed by plaintiffs "from the judgment and order * * * overruling plaintiffs' motion for additional time to amend and plead, sustaining defendant's motion to strike such amendment, and from each and every ruling, decision, finding, judgment and decree * * * adverse to said plaintiffs."

I. Rule 86, R. C. P., upon which appellee relies, provides so far as pertinent here: "Pleading over—election to stand.

If a party is required or permitted to plead further by an order or ruling * * * such party shall file such further pleading within seven days * * *; and if [he] fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election."

Plaintiffs assign two errors only: First, "the court erred in sustaining the motion to dismiss", and second, "the district court should have permitted the plaintiffs' attorney to have amended and should have overruled the motion to strike."

 It is a sufficient answer to the first assignment of error to point out that the motion to dismiss, having been sustained on August 25, 1952, became a final adjudication of dismissal of plaintiffs' petition seven days thereafter. It was a final judgment long before the motion for leave to amend under rule 85 was filed on September 23. Plaintiffs did not appeal until October 27. This was much more than thirty days from the time of final adjudication. Their right of appeal from the ruling sustaining the motion to dismiss was lost, and this assignment of error cannot be considered.

 II. Plaintiffs sought to avoid their failure to plead over after the ruling on the motion to dismiss by filing, on September 23, an amendment to their petition together with the motion for additional time to amend and plead under rule 85 above referred to. Upon motion of the defendant this was stricken. The motion of plaintiffs for additional time to amend and plead is set out herewith:

"Comes now the above named plaintiff and *moves the Court for additional time to amend and plead under Rule 85, Iowa Rules of Civil Procedure,* for the following grounds and for the following reasons: [Italics supplied.]

"1. The Motion to Dismiss Plaintiffs' Petition filed by Florence Gunderson was ruled upon by the Court and notice given of said ruling August 25, 1952.

"2. That the plaintiffs since the institution of this action have moved to California. That in order to properly prepare

an amendment to the petition it was necessary for the plaintiffs' counsel to write to them in California, and when the information was received to write again for additional information.

"3. That the plaintiffs file herewith their amendment to the petition and pray for permission to file the same at this time, it being less than thirty days after the plaintiffs' attorneys received notice of the ruling on the Motion."

The ruling of the court in striking this motion forms the basis of plaintiffs' second assignment of error as set out above. We think the court's ruling was correct. Plaintiffs might have moved to set aside the judgment then standing against them because of their failure to plead over within seven days from the time of the ruling sustaining the motion to dismiss. But they elected to proceed under rule 85 instead of by motion to set aside default under rules 230 and 236. They made their position clear. They had the right to attempt to extricate themselves from their legal entanglement in such way as they saw fit. They not only specifically recited that their motion was brought for relief under rule 85, but they so argue it in this court.

Rule 85, as originally adopted in 1943, provided for extending time to "amend, answer, or reply." In 1945 the rule was amended by striking the word "amend", and further by permitting the court to grant the right "to file a motion, answer or reply where the time to file same has expired." The right to permit amendments was specifically taken from the rule in 1945 and has not since appeared therein. But even if this technical obstruction had not confronted plaintiffs, they were faced by the fact that they were attempting to amend after judgment. This has been permitted, but only in a very limited degree. Amendments upon which the opposing party would have a right to take issue are not allowed after judgment. In Carlisle v. Sells-Floto Shows Co., 180 Iowa 549, 564, 163 N.W. 380, 386, we quoted with approval from Bicklin, Winzer & Co. v. Kendall, 72 Iowa 490, 493, 34 N.W. 283: "* * * 'when the plaintiff's claim is merged in a judgment, and the rights of the parties involved in the issues are decided and settled by a judgment, then all pleadings must cease. It may be that after judgment an amendment may be permitted to conform a pleading to the

proceedings, but this is very different from an amendment setting up new claims or new issues.'" See also Des Moines Music Co. v. Lindquist, 214 Iowa 117, 121, 241 N.W. 425.

Sexton v. Clay Equipment Co., 242 Iowa 675, 47 N.W.2d 792, relied upon by plaintiffs, holds only that the court did not abuse its discretion by permitting the filing of an answer and counterclaim eighteen days late. No judgment or final adjudication of any kind had been had. In City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895, also cited, it was held plaintiff had acquiesced in defendant's delay. Stress is placed upon the failure of the plaintiffs to move for default before the delinquent pleading was filed. In the case at bar there was no question of need to move for default; rule 86 is specific in its provision for a final adjudication without affirmative action by the party whose motion to dismiss is granted. Dunham v. Des Moines Railway Co., 240 Iowa 421, 35 N.W.2d 578, is authority only for the proposition that one party by taking an appeal to this court may not deprive the other of his right to move for new trial and to have his motion ruled upon. It does not touch the situation here.

We conclude plaintiffs mistook their remedy, if remedy they had. They had no right to amend to set up new matter under rule 85 after judgment had been entered against them.

III. As the case stands, there is an adjudication that plaintiffs' petition does not entitle them to the relief sought against the defendant. This means no more than that the interest of Edwin Duain Dvorak, transferred to them by assignment of the written contract of purchase, is subject to the lien of defendant's judgment against him. It does not mean that the entire interest in the realty is subject to such lien; only such right, title or interest as the judgment debtor may have had while the judgment was outstanding. Defendant's counsel conceded this in oral argument, and the law is well settled. What this interest may be, whether large or small, remains for future determination in a proper proceeding.—Affirmed.

HAYS, C. J., and BLISS, GARFIELD, WENNERSTRUM, and LARSON, JJ., concur.

MULRONEY, SMITH and OLIVER, JJ., dissent.

MULRONEY, J. (dissenting)—This appeal is from the trial court's ruling of October 11, 1952, which was as follows: "Plaintiffs' Motion for Additional Time to Amend and Plead and defendant Florence Gunderson's Motion to Strike [said motion for additional time], having both been heard and considered, the former Motion is overruled and the latter Motion is sustained."

This is not an appeal from a final judgment, and leave to appeal has not been granted. There has been no judgment decreeing who has paramount title as between plaintiffs and defendant Gunderson. Sometime after the appeal was perfected (December 18, 1952) the court entered a judgment and decree holding plaintiffs' title superior to other nonappearing defendants, but this decree states the cause is "expressly continued" as to Florence Gunderson "for further proceedings in accordance with the future opinion of the Iowa Supreme Court." In other words, no final judgment as to priority of title was ever entered in the trial court. I would dismiss the appeal as not being an appeal from a final adjudication and plaintiffs' notice of appeal was too late for appeal from the ruling on the motion to dismiss the petition.

OLIVER and SMITH, JJ., join in this dissent.