RAYMOND WALLER et ux., appellants, v. FLORENCE GUNDERSON, otherwise known as FLORENCE A. GUNDERSON or FLORENCE A. DVORAK, et al., appellees.

No. 48515.

(Reported in 65 N.W.2d 444)

JULY 26, 1954.

Fisher & Fisher, of Cedar Rapids, for appellants.

Otto L. Schluter, of Cedar Rapids, for appellees.

MULRONEY, J.—For the background facts of this case the reader is referred to Dvorak v. Dvorak, 244 Iowa 1113, 60 N.W.2d 88. While the appeal was pending in that case, the Dvoraks (Frank and Nettie) sold the property involved in that quieting-title action to Raymond and Louise G. Waller. The Wallers then commenced this quieting-title action making the same contentions, that the Gunderson judgment was not a lien against the realty. The case is a little different in that here the facts, which were contained in various pleadings in the former action, are now stipulated.

The stipulation shows Frank and Nettie Dvorak sold the property to Edwin and Marian Dvorak for $8500 on contract dated May 26, 1950, payable $1500 down and $60 a month. On May 29, 1951, Edwin and Marian Dvorak "by written instrument assigned, transferred and sold and conveyed unto Frank L. Dvorak and Nettie B. Dvorak all their right, title and interest in the * * * real estate." Both of these instruments were recorded. On June 2, 1951, Frank L. Dvorak and Nettie B. Dvorak caused to be served on Edwin Dvorak and Marian Dvorak thirty-day notice of forfeiture of the May 26, 1950 contract. The forfeiture proceeded as by statutes provided and there was no redemption and all of the papers in connection with the forfeiture proceedings were recorded. The stipulation states defendant Florence Gunderson is the owner of a judgment against Edwin Dvorak entered on April 24, 1947, for some $1310.25, no part of which has been paid.

The title which the present plaintiffs own is no greater than the title of their grantors, Frank and Nettie Dvorak. The trial court held:

"That the said judgment of the defendant, Florence Gunderson, is a lien on said real estate to the extent of the value of the equitable interest of said Edwin Duaine Dvorak in said real estate immediately prior to the assignment of May 29, 1951, and in an amount of not to exceed $1500.

"That no issue was presented, either in the pleadings or proof, as to the exact value of the interest of the said Edwin Duaine Dvorak in said real estate immediately prior to the said assignment of May 29, 1951, and the said Florence Gunderson has asked no relief herein by way of cross-petition or counterclaim.

"That plaintiffs have failed to establish their right to relief against the defendant, Florence Gunderson."

The plaintiffs appeal. The conclusion of the trial court is about like our holding in the prior case. In our opinion in Dvorak v. Dvorak, 244 Iowa 1113, at page 1118, 60 N.W.2d 88, at page 91, we stated: "* * * the interest of Edwin Duaine Dvorak, transferred to them [Frank and Nettie Dvorak] by assignment of the written contract of purchase, is subject to the lien of defendant's [Gunderson's] judgment against him. It does not mean that the entire interest in the realty is subject to such lien; only such right, title or interest as the judgment debtor may have had while the judgment was outstanding."

I. The trial of the instant case was before our opinion in the Dvorak case. Plaintiffs argue various propositions and we will comment on two of them. Plaintiffs argue that the trial court erred in holding that the interest of Edwin Dvorak was $1500. We do not understand the trial court so held. The trial court held the judgment was "a lien upon the equitable interest of said Edwin Duaine Dvorak, but said interest was in an amount not to exceed $1500 * * *" and again in the portion of his ruling previously quoted the trial court spoke of Edwin's interest as "an amount not to exceed $1500." The court stated there was no issue presented as to the value or extent of Edwin's interest and he made no finding in this regard. The trial court should not have limited the value of Edwin's interest to $1500 even though that might have been the total amount paid by Edwin on the contract, but we do not think plaintiffs were prejudiced by such a limitation. Plaintiffs' brief states a new action has been commenced to decide the issue as to the amount of Edwin's interest.

II. The trial court rightly held the forfeiture proceedings did not cut off any lien which might have existed in favor

of the Gunderson judgment. The prior assignment resulted in a merger of the equitable title of Edwin and Marian Dvorak with the legal title of the assignees—at least in the absence of any showing of inadvertence or mistake. The contract (which was specifically mentioned in the assignment). was at an end. As the trial court held, the forfeiture of the contract after the assignment "was ineffectual for any purpose."

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.