WILLYS J. MORF et ux., plaintiffs-appellees, v. DEAN C. WASH-
BURN, d/b/a WASHBURN PLUMBING AND HEATING, appellant,
and CHANDLER COMPANY, third-party defendant-appellee.

No. 49652.

(Reported in 94 N.W.2d 756)

FEBRUARY 10, 1959.

REHEARING DENIED APRIL 8, 1959.

Donnelly, Lynch, Lynch & Dallas, of Cedar Rapids, for appellant.

John D. Randall, of Cedar Rapids, for plaintiffs-appellees.

J. W. Albright, of Cedar Rapids, for third-party defendant-appellee.

PETERSON, J.—Plaintiffs built a new home in 1956. They contracted for a Schaible single lever kitchen faucet direct with defendant as a plumbing contractor. Sunday morning, January 20, 1957, plaintiffs were arranging to move into the new home and brought some dishes and other small articles to the home. Upon entering the kitchen they found the kitchen floor was completely covered with water. It had ruined the new oak floor in the kitchen; ruined the ceiling on the room below the kitchen and did other damage which necessitated the expenditure of $1360.01 in repairs.

They discovered the water came from a leak in the new Schaible faucet. They shut off the water for the full house in the basement and called the plumbing contractor. He and the principal contractor both came to the house and they found the leak was from a plug holding a strainer. It seems that in preparing this plug it became cross-threaded so the threads were not properly engaged. In plumbing language the expression would be that the strainer plug was not properly seated.

Defendant filed cross-petition against Chandler Company, the wholesale house from which he had purchased the Schaible faucet.

The case was tried to the court without a jury. The trial court entered judgment against defendant for $1360.01 and dismissed defendant's cross-petition against third-party defendant.

Defendant has appealed from the judgment in favor of plaintiffs, and has also appealed as to the dismissal of the cross-petition.

Three errors are assigned by defendant as a basis for reversal. 1. Plaintiffs filed an amendment to their petition four or eleven days late and defendant moved to strike the amendment, which was overruled. 2. The court erred in overruling defendant's motions for dismissal, judgment notwithstanding the verdict and for new trial. 3. Court erred in dismissing defendant's cross-petition against third-party defendant.

I. Defendant filed motion for more specific statement and on May 27, 1957, the motion was sustained. June 3 order of court was entered ex parte giving plaintiffs seven more days to plead. Plaintiffs did not file amendment in accordance with either ruling until June 14, four or eleven days late, depending on whether ex parte order is legal. On June 21 defendant filed motion to strike the amendment by reason of failure to file same in accordance with either order of court. Defendant contended ex parte order was not legal, and failure to plead constituted final adjudication.

We have held the trial court has wide discretion in connection with the question of the filing of pleadings. City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895; Sexton v. Clay Equipment Co., 242 Iowa 675, 47 N.W.2d 792.

Appellant cited only one case in support of this contention. Goldstein v. Brandmeyer, 243 Iowa 679, 53 N.W.2d 268. In this case the question was not one of having failed to file a pleading on time. Plaintiffs amended their petition to comply in part with the ruling, and as to the rest they elected to stand on their pleading and appealed. We reversed, holding the matters ordered amended could be raised by defendant as a defense. The case is not comparable to case at bar. The trial court had discretion in the instant case with reference to the matter of amendment, which discretion was not abused.

II. The Schaible single lever kitchen faucet is a specialty manufactured by The Schaible Company of Cincinnati, Ohio. It has the ordinary faucet for hot and cold water. Under the faucet are two strainers for the purpose of holding any dirt or substance which might be contained in the water. Each strainer is held by a small bolt. The faucet was installed by defendant on January 9 and had been properly functioning for ten days before the defect became evident. Upon careful exam-

ination, after the leakage, it appeared that in the factory one of the plugs was cross-threaded. The plumbers who were witnesses were not certain as to how it could work properly for ten days and then suddenly start to leak, but the best opinion seems to be that the pressure of the water through the strainer had been such, after a period of time, that the plug became loosened.

In order to properly cover the strainer and plugs and all parts of the faucet, with the exception of the faucet spout, a cover was placed on the faucet which was called an "escutcheon."

The specialty came in a box all connected and the plumber attached the faucet to the water supply pipe. In each box was included a detailed instruction sheet, which is called "Installation and Adjustment Instructions." These instructions were prepared and furnished by the company to plumbers in order that the specialty might be properly installed.

Part of the instructions are as follows: "Remove Escutcheon. Remove Plugs #12268, Strainers #12269 and Hyseal Valve Stem and Spring Subassemblies #12004. Replace Plugs. Replace Spout. Turn on hot and cold water supply full force for at least a minute. Reassemble faucet. TEST THE FAUCET. Turn on the water supply and pull the knob forward in several positions. Operate the Spray several times. Check for leaks."

Defendant admitted he did not follow the instructions. He testified he never removed the escutcheon and did not test the strainers.

His testimony as to this matter was as follows: "If I had removed the plug, Exhibit 5-b, at the time of installing the faucet, I possibly would have discovered its defective condition. The way the threads are threaded, I as a plumber would know that they were defective. The Schaible single lever faucet is different than your ordinary faucet. In testing an ordinary faucet, all you do is turn on the water to flush out the faucet. Plaintiffs' Exhibit 6 provides for reassembling the faucet after the strainer plugs have been taken out by putting them back in again and then turning on the water to test for leaks."

When a case at law is tried to the court its findings in the matter are the same as the decision of a jury. Rule 334, Rules of Civil Procedure. If there is substantial evidence to

sustain the court's findings of fact such findings are binding on this court. Beardsley v. Hobbs, 239 Iowa 1332, 34 N.W.2d 916; Davis v. Knight, 239 Iowa 1338, 35 N.W.2d 23; Miller v. Woolsey, 240 Iowa 450, 35 N.W.2d 584. We hold there was sufficient evidence to sustain the decision of the trial court that defendant was negligent.

III. Appellant contends he is entitled to a judgment on his cross-petition against Chandler Company, the wholesaler, by reason of the defect in the article sold to defendant.

Iowa has adopted the Uniform Sales Act. It appears as chapter 554, 1958 Iowa Code. Section 554.16(3) states: "If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed."

Defendant was at fault as a buyer of the goods. If he had made an examination as provided by the instructions furnished him by third-party defendant he would have discovered the defect. Since he failed to take the ordinary and reasonable precaution of following the instructions and discovering the defect, the warranty obligation of the third-party defendant was not in force and effect. Dean v. Morey, 33 Iowa 120; Burnett v. Hensley, 118 Iowa 575, 92 N.W. 678; Rhynas v. Keck, 179 Iowa 422, 161 N.W. 486. The trial court's decision in dismissing defendant's cross-petition was correct.

The judgment against defendant and dismissal of cross-petition are affirmed.—Affirmed.

All JUSTICES concur.