**WILKINS AND BUSSARD ARCHITECTS,**
**Appellant,**

v.

**Rudy D. CAREY, Appellee.**

**No. 55123.**

Supreme Court of Iowa.

Dec. 20, 1972.

Stewart, Wimer, Brennan & Joyce, by Joseph B. Joyce, Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Kelly & Eddy, by David L. Phipps, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff's action at law for professional services and materials alleged to have been furnished to defendant was tried to the court. From judgment for defendant, plaintiff has appealed. We affirm.

The trial court found plaintiff was employed by Carey Brothers Seed and Nursery, Inc., a corporation, not a party herein and concluded defendant, Rudy D. Carey, was not personally responsible for plaintiff's claim. On this appeal plaintiff asserts the trial court erred in so finding and entering judgment accordingly.

I. In a law action tried to the court, as here, our review is not de novo but only on errors assigned. The findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If there is substantial evidence to sustain the court's findings of fact such findings are binding on this court. Rule 344(f)1, Rules of Civil Procedure; State Farm Mutual Automobile Ins. Co. v. Wyant, Iowa, 191 N.W.2d 689, 693; Omaha Standard, Inc. v. Nissen, Iowa, 187 N.W.2d 721, 723; Morf v. Washburn, 250 Iowa 759, 762, 763, 94 N.W.2d 756, 758 and citations.

The question is not what would have been the finding of this court or its members on the evidence received by the trial court, but whether the findings and judgment of the latter have the required support as stated above. We therefore set out some of the evidence we believe support the trial court's findings of fact.

In December 1968, James Wilkins, for plaintiff, was approached by Tom Johnson of Stanbrough Realty with regard to drawings for a possible office building to be constructed at 57th and Douglas Avenue in Des Moines. This property was owned by Rudy D. Carey but was leased by him to a corporation, Carey Brothers Seed and Nursery, Inc. The property was then being used for corporation business and had a corporation sign located on the premises. The lease executed January 1, 1966 by Rudy D. Carey as lessor and as president of the lessee corporation was filed of record with the Polk County Recorder on July 21, 1967. Wilkins made on-site inspection of the property and became aware of the corporation business

being conducted there and that Rudy D. Carey ran it.

Plaintiff performed various architectural services, making sketches and drawings of a building which was never constructed. Wilkins consulted primarily with Johnson and another realtor who apparently were interested in selling adjacent property. Rudy D. Carey was on several occasions consulted regarding the proposed project.

Three billings for plaintiff's services were addressed to Mr. Rudy D. Carey and mailed to the corporation's business location. The third memo included, "Finally we will need prior to any further steps a contract defining our responsibilities and delineating the methods of our remuneration. We feel this is just sound business and could avert future misunderstandings."

Mr. Wilkins' testimony includes:

"Q. And you didn't know then that this building was being planned as a corporate project for Carey Brothers Seed & Nursery, Incorporated? A. No, I wasn't actually sure of—I just knew Rudy was involved in it. I didn't know.

"Q. So you really didn't know whether the building was being planned or projected as a corporate enterprise or as Rudy's personal—A. No."

He further testified defendant had promised to pay the past due account.

The testimony of defendant, Rudy D. Carey, includes:

"Q. And with regard to this property as well, did you have the possessory interests to this property during the year of 1969? A. Well, it was leased to Carey Brothers.

"Q. And that's the corporation? A. Yes.

"Q. And in that regard did you make some effort to develop the property on behalf of Carey Brothers Seed & Nursery, Incorporated? A. Yes. * * *.

"Q. Mr. Carey, did you make some arrangements for architectural services regarding this proposed project? A. Yes, in my capacity as president, this is what I was doing, my contact with Tom Johnson to later lead us to the architect.

"Q. And this contact was made then as an officer of Carey Brothers Seed & Nursery, Incorporated? A. Yes."

Additional evidence need not be set out. We conclude the trial court's findings of fact are supported by substantial evidence.

Plaintiff has not at any time claimed Carey operated outside the scope of his authority as president of Carey Brothers Seed and Nursery, Inc. In the absence of such proof an officer is not personally liable for a corporation's obligation. Cryder Well Co. v. Stangl, 257 Iowa 1255, 1258, 136 N.W.2d 519, 521; Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 839, 118 N.W.2d 565, 567. See also 19 C.J.S. Corporations § 839 and 19 Am.Jur.2d Corporations, section 1341.

Plaintiff's contentions have been considered. No reversible error has been established.

Affirmed.